

June 21, 2022

**Michael Adam Samuels**
212.915.5735 (direct)
michael.samuels@wilsonelser.com

**VIA CM/ECF ELECTRONIC FILING**
Honorable Vincent L. Briccetti
United States District Court for the SDNY
300 Quarropas Street, Room 630
White Plains, NY 1060

Re: *Bank of America, N.A. v. Third Avenue Imaging LLC, et al.,* Case No. 21-cv-5201 (VB)
Letter Motion Request for Pre-Motion Conference

Dear Judge Briccetti:

My firm is counsel to the Plaintiff Bank of America, N.A. (the "***Plaintiff***"). As a follow-up to the case management conference held on June 6, 2022, this letter motion confirms the Plaintiff's request for the Court to proceed with a pre-motion conference in furtherance of the Plaintiff's intention to move forward with a motion for summary judgment against all of the defendants pursuant to Fed .R. Civ. Pro. R 56 (the "***SJ Motion***") and to address other matters in conjunction with the next case management conference scheduled for July 14, 2022 at 11:30 a.m.

**Nature of Action**

This action was commenced by a Verified Complaint (the "***Complaint***") filed on June 11, 2021 (the "***Filing Date***"). The Plaintiff, a commercial lender, is seeking to enforce its rights in connection with the defendants' default under a certain loan agreement, security agreement, and guaranties. On February 28, 2017 the Plaintiff entered into a certain term loan in the principal amount of $5,240,000.00 with the borrower, defendant Third Avenue Imaging LLC ("***TAI***"). The loan was guaranteed by the defendants Unique Third Ave LLC ("***UTA***"), Unique Imaging Services LLC ("***UIS***"), Joel Reisman ("***Reisman***," and together with TAI, UTA, UIS, the "***LLC and Reisman Defendants***") and the defendant Distinguished Diagnostic Imaging, P.C. ("***DDI***," collectively, with the LLC and Reisman Defendants, the "***Defendants***"). Based upon the Defendants' default under the Loan, the principal sum of $2,414,835.50 (as of the Filing Date) together with interest, fees and expenses continues to accrue and remains due and owing to the Plaintiff. In response to the Complaint: (i) a Verified Answer was filed by the LLC and Reisman Defendants on August 31, 2021 [ECF, Doc. 31] and (ii) a Verified Answer was filed by the defendant DDI on September 10, 2021[ECF, Doc. 34].

**The Loan Documents**

On February 28, 2017, the Plaintiff entered into a certain Loan Agreement with defendant TAI (as at any time amended, the "***Loan Agreement***"), pursuant to which the Plaintiff agreed to, inter alia, make available to TAI a term loan in the amount of $5,240,000.00 (the "***Loan***") to be repaid in

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Kentucky • Las Vegas • London
Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Virginia
Washington, DC • West Palm Beach • White Plains

wilsonelser.com

272255626v.3


monthly installments commencing on October 1, 2017 and ending on March 1, 2021, at which time TAI would repay all of the remaining principal balance, plus interest and other charges due thereunder. A copy of the Loan Agreement is annexed to the Complaint as Exhibit "1". On February 28, 2017, as collateral security for the prompt and complete payment of all of TAI's obligations (the "***Obligations***") to the Plaintiff pursuant to the Loan, all of the Defendants entered into a certain Security Agreement (the "***Security Agreement***") with the Plaintiff. A copy of the Security Agreement is annexed to the Complaint as Exhibit "2". On February 28, 2017, as additional collateral security for the repayment of the Obligations, Unconditional and Continuing Guaranties (the "***Guaranties,***" together with the Loan Agreement and other relevant loan documents, the "***Loan Documents***") were granted and delivered by the defendants UTA, UIS, DDI and Reisman (the "***Guarantors***") to the Plaintiff. Copies of the Guaranties are annexed to the Complaint as Exhibit "3".

**The Default**

Defendant TAI defaulted under the Loan Agreement by failing to make monthly payments due as a result of, *inter alia*, a failure to make monthly payments due and owing to the Plaintiff on September 1, 2019, October 1, 2019, and November 1, 2019 (collectively, the "***Defaults***"). As a result of the Defaults under the Loan Documents, the Plaintiff sent written notice to the Defendants on November 19, 2019 (the "***Default Notice***"), pursuant to which the Plaintiff, *inter alia*, advised the Defendants of the Defaults and the Plaintiff's election to accelerate the Loan and declare the full amount of the Obligations due under the Loan Documents to be immediately due and payable to the Plaintiff. A copy of the Default Notice is annexed to the Complaint as Exhibit "4". The Plaintiff subsequently engaged in discussions with the Defendants and their representatives to address the Defaults and the outstanding Obligations due and owing to the Plaintiff. Despite these efforts at a resolution, only partial payments were made to the Plaintiff against the full amount of the accelerated Obligations with the balance of the Obligations remaining outstanding. Thereafter, by letter dated July 17, 2021, the Plaintiff, through its counsel, also demanded turnover of the Collateral (the "***Turnover Demand***") by the Defendants to the Plaintiff. A copy of the Turnover Demand is annexed to the Complaint as Exhibit "5". Despite the Default Notice and the Turnover Demand, the Obligations were not paid and this action was commenced.

**Discovery**

On October 14, 2021, the Court entered a Civil Case Discovery Plan and Scheduling Order which was subsequently revised by the Court [ECF, Docs. 42, 45 and 51]. As part of the discovery process, the Plaintiff conducted depositions of (i) Joel Reisman (individual defendant and authorized signatory for the other Defendants), (ii) Dr. John T. Rigney (principal of defendant DDI), and (iii) Stanley Schutzman (closing counsel on the Loan on behalf of the Defendants). In addition, during the course of discovery, Plaintiff received: (i) certain documents (the "***Reisman Documents***") in response to written demands set forth in a Notice to Take Deposition of Joel Reisman and (ii) documents in response to a Subpoena served upon The Russell Friedman Law Group LLP (the law firm of Dr. Rigney's deceased counsel Russell Friedman, who was involved with the closing of the Loan, the "***Friedman Documents***"). Further, Plaintiff facilitated the deposition by DDI of Scott Rexach (a representative of Plaintiff from the closing of the Loan).



**Requested Relief Sought by the Plaintiff**

Based upon the evidence, the Plaintiff believes that there is a sufficient basis for the Plaintiff to request the Court to permit a SJ Motion against all of the Defendants. Based upon documentary evidence, the Plaintiff will prove (i) the existence of the Loan Documents, (ii) the Defendants' default under the Loan Documents and (iii) the amounts due and owing under the Loan. In addition, both documentary evidence and deposition testimony will establish that Joel Reisman executed the Loan Documents in both his individual capacity and as an authorized signatory on behalf of all of the other Defendants, including guarantor DDI. In furtherance of an SJ Motion, the Plaintiff intends to attach as an exhibit, among other things, a copy of a fully executed corporate resolution of DDI executed by both Dr. Rigney and Joel Reisman on or about February 28, 2017, which authorized Joel Reisman to enter into the Loan Documents. Notably, the fully executed DDI corporate resolution was not produced by the Defendants during discovery (it is indisputable that it was in their possession), even though a core issue in this case is DDI's denial that Reisman was authorized to execute the DDI Guaranty. However, Plaintiff obtained the fully executed copy of the DDI corporate resolution as part of the subpoenaed Friedman Documents. While the Defendants, and specifically the defendant DDI, may claim there is a genuine issue of material fact regarding Reisman's authorization to execute the Loan Documents on behalf of DDI, the fully executed DDI resolution, and the contemporaneous correspondence between Bank counsel, DDI's counsel and Dr. Rigney himself, will indisputably rebut any such specious claims and provide the basis for summary judgment.

The Plaintiff has become aware of a scrivener's error in paragraph 13 of the Complaint, which resulted in DDI not being included in the defined term "Obligors." The Plaintiff has requested the Defendants' consent to amend paragraph 13 of the Complaint pursuant to Fed. R. Civ. Pro. R 15(a)(2). The LLC and Reisman Defendants have consented to the proposed amendment. DDI, however, has not consented to the proposed amendment. DDI has been on notice since the inception of the case that: (i) the Security Agreement referenced in paragraph 13 (and annexed as Exhibit "2" to the Complaint) is executed by <u>all</u> Defendants, including DDI, (ii) DDI is therefore clearly one of the "Obligors" who executed the Security Agreement and pledged the "Collateral" (paragraph 14) that the Bank seeks to foreclose, and (iii) the UCC-1 filed against <u>all</u> of the Defendants, including DDI, with respect to the "Collateral" is annexed to the Complaint as Exhibit "6". Based on the foregoing, subject to the Court's instructions, the Plaintiff intends to move for leave to amend the Complaint under Fed. R. Civ. Pro. R 15(a)(2) and seeks to advise the Court of such intention in advance of the next case management conference.

The Plaintiff respectfully requests at the next case management conference that the Court proceed with a pre-motion conference pursuant to Fed. R. Civ. Pro. R 56.

Respectfully submitted,

<u>/s/Michael Adam Samuels</u>
Michael Adam Samuels

cc: (via email and ECF to Defendants' counsel)