

Paykin Krieg & Adams, LLP
2500 Westchester Ave, Suite 107
Purchase, New York 10577
Tel: (212) 725-4423

June 28, 2022

*VIA CM/ECF ELECTRONIC FILING*

Honorable Vincent L. Briccetti
United States District Court for the SDNY
United States Courthouse
300 Quarropas Street, Room 630
White Plains, NY 1060

   Re: Bank of America, N.A. v. Third Avenue Imaging LLC, et al.
      Case No. 21-cv-5201 (VB)
      Letter Requesting Leave to Cross Move for Summary Judgment and in
      Opposition to Plaintiff's Request to File an Amended Complaint

Dear Judge Briccetti:

  Please be advised that this office represents defendant, Distinguished Diagnostic Imaging, P.C. ("DDI") in the above referenced matter. This letter is submitted in response to plaintiff, Bank of America, N.A.'s ("Plaintiff") June 21, 2022, letter request for a pre-motion conference. This letter is also submitted in support of DDI's request for a pre-motion conference and for leave to file a cross-motion for summary judgment.

  Plaintiff commenced this action on June 11, 2021, by filing its Verified Compliant which asserts various counts against Third Avenue Imaging, LLC ("TAI"), Unique Third Ave, LLC ("UTA"), Unique Imaging Services, LLC ("UIS"), Joel Reisman ("Reisman" and referred together with TAI, UTA and UIS as "Third Ave Defendants") arising from a loan ("Loan") plaintiff made to TAI. In addition, the Verified Complaint only sets forth one count against DDI sounding in Breach of Guaranty (Doc #1). Plaintiff bases this Count on a guaranty executed by Reisman (who is neither a shareholder, officer nor director of DDI) as a purported authorized signatory of DDI. Notably, the Plaintiff admittedly did not have the purported corporate authorization in its files which it produced in discovery.

      **<u>DDI's Request to File Cross-Motion for Summary Judgment</u>**

  DDI requests leave to file its cross-motion for summary judgment against Plaintiff. From the inception of this case, DDI has only been a named defendant on the Sixth Count for Breach of Guaranty. Despite Plaintiff's insinuations otherwise, Dr. Rigney, the sole principal of DDI, maintains that he did not execute a guaranty, much less a corporate authorization permitting Reisman to execute a guaranty or any other loan documents on DDI's behalf. Indeed, the structure of the purported guaranty -- having Dr. Rigney authorize Reisman to sign on DDI's behalf as an



authorized signatory -- makes no sense for several reasons. First, an authorized signatory is a term used for a signatory to a bank account not for a loan document which would typically be executed an officer or director of the corporation. Second, it is clearly illogical to have Dr. Rigney execute an authorization granting Reisman authority to execute a guaranty on behalf of DDI rather than executing the actual guaranty himself. Third, it is black letter law that Reisman (who is not a medical doctor) could not be an officer or director of DDI. NY BCL § 1503. Fourth, Plaintiff admittedly does not have a copy of the purported corporate authorization in its files much less an original of such document. Fifth, tellingly there are no transmittal documents from Dr. Rigney which delivered the purported corporate authorization to either the Third Avenue Defendants or DDI's deceased lawyer the two entities which produced the purported corporate authorization. Of note, is that DDI's former attorney also represented Reisman. Sixth, a review of the purported corporate authorization and the purported signature page thereto reveals glaring inconsistencies clearly casting irreconcilable doubt on such document's authenticity. As a result of the foregoing, DDI seeks leave to cross-move for summary judgment.

### Plaintiff's Request to Amend the Complaint

Plaintiff's request to file an amended complaint should be denied. Plaintiff's contention that DDI was "on notice" by virtue of reference to the Security Agreement and the UCC -1 filed in connection thereto, is utterly unavailing. Since the inception of this case DDI has maintained that it principal, Dr. Rigney, did not execute any of the documents at issue in this matter and Reisman was not authorized to sign such documents on behalf of DDI.

While Plaintiff attempts to categorize its proposed amendment as the correction of a mere "scrivener's error", allowing the proposed amendment would be highly prejudicial to DDI. More specifically, Plaintiff seeks to change the definition of the term "Obligors" to include DDI. This expansion of the term 'Obligors" would also expand the definition of the term "Collateral", which, as currently defined in the Complaint, does not include DDI[1].

Furthermore, such a modification would assert additional counts against DDI. More specifically, changing the definition of the term "Obligors" would add DDI as a defendant on the following counts: (i) foreclosure of security interest; (ii) replevin; (iii) conversion; and (iv) unjust enrichment. As DDI currently is not a defendant in those counts, DDI would require additional discovery with regard to such additional counts.

---

[1] The term "Collateral" as defined in the Verified Complaint refers to the assets of the Obligors (see ¶14, Doc #1).



Accordingly, DDI respectfully requests that it be granted leave to file a cross-motion for summary judgment and that Plaintiff's request to amend the complaint be denied.

Respectfully submitted,

*Joseph N. Paykin*

Joseph N. Paykin, Esq.

cc: Megan J. Muoio, Esq. (*via ECF*)
Michael Samuels, Esq. (*via ECF*)
Daniel F. Flores, Esq. (*via ECF*)