UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BANK OF AMERICA, N.A. ,

                         Plaintiff,

     -against-

THIRD AVENUE IMAGING LLC, UNIQUE
THIRD AVE LLC, UNIQUE IMAGING SERVICES
LLC, DISTINGUISHED DIAGNOSTIC
IMAGING, P.C., AND JOEL REISMAN,

                         Defendants.
-------------------------------------------------------------X

Docket No.: 21-cv-05201

**VERIFIED ANSWER TO
AMENDED COMPLAINT**

     Defendant Distinguished Diagnostic Imaging, P.C. ("DDI"), acting by and through its counsel, Paykin Krieg & Adams LLP, as and for its Answer to the Complaint of plaintiff Bank of America, N.A. ("Plaintiff") alleges as follows:

## NATURE OF CASE

     1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

     2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admits that DDI resides in the Southern District of New York.

     3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

     4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

     5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the truth of  the allegations set forth in paragraph 6 of the Complaint.

7.     Admits the truth of  the allegations set forth in paragraph 7 of the Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth of  the allegations set forth in paragraph 8 of the Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth of  the allegations set forth in paragraph 9 of the Complaint,  and respectfully refers the Court to the documents referenced therein for their respective terms and conditions.

10.     Denies knowledge or information sufficient to form a belief as to the truth of  the allegations set forth in paragraph 10 of the Complaint, and respectfully refers this Court to the documents referenced therein for their respective terms and conditions.

11.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and respectfully refers the Court to the Loan Agreement for its terms and conditions.

12.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and respectfully refers the Court to the Loan Agreement for its terms and conditions.

13.     Denies knowledge or information sufficient to form a belief as to the truth of  the allegations set forth in paragraph 13 of the Complaint, and respectfully refers the Court to the referenced documents for their respective terms and conditions.

14.     Denies the truth of the allegations contained in paragraph 14 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth

2

of the allegations as they relate to the other defendants and respectfully refers the Court to the documents referenced therein for their respective terms and conditions.

15.     Denies the truth of the allegations contained in paragraph 15 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

16.     Denies the truth of the allegations contained in paragraph 16 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants and respectfully refers the Court to the documents referenced therein for their respective terms and conditions.

17.     Denies information or knowledge sufficient to forma a belief as to the truth of the allegations  set forth in paragraph 17 of the Complaint.

18.     Denies the truth of the allegations contained in paragraph 18 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants and respectfully refers the Court to the documents referenced therein for their respective terms and conditions.

19.     Denies the truth of the allegations contained in paragraph 19 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants and respectfully refers the Court to the documents referenced therein for their respective terms and conditions.

20.     Denies the truth of the allegations contained in paragraph 20 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

21.     Denies the truth of the allegations contained in paragraph 21 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

22.     Denies the truth of the allegations contained in paragraph 22 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants and respectfully refers the Court to the documents referenced therein for their respective terms and conditions.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Denies the truth of the allegations contained in paragraph 24 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

25.     Repeats, reiterates and re-alleges its responses to paragraphs 1 through 24 as if fully set forth at length herein.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and respectfully refers the Court to the Loan Agreement for its terms and conditions.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.      Repeats, reiterates and re-alleges its responses to paragraphs 1 through 31 as if set forth at length herein.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Denies the truth of the allegations contained in paragraph 34 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

35.     Denies the truth of the allegations contained in paragraph 35 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

36.     Repeats, reiterates and re-alleges its responses to paragraphs 1 through 35 as if set forth at length herein.

37.     Denies the truth of the allegations contained in paragraph 37 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

38.     Denies the truth of the allegations contained in paragraph 38 of the Complaint as they relate to DDI, and lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

39.     Denies the truth of the allegations contained in paragraph 39 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

40.     Denies the truth of the allegations contained in paragraph 40 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

41.     Denies the truth of the allegations contained in paragraph 41 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

42.     Denies the truth of the allegations contained in paragraph 42 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

43.     Repeats, reiterates and re-alleges its responses to paragraphs 1 through 42 as if set forth at length herein.

44.     Denies the truth of the allegations contained in paragraph 44 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

45.     Denies the truth of the allegations contained in paragraph 45 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

46.     Denies the truth of the allegations contained in paragraph 46 of the Complaint as they relate to DDI, and  lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

47.     Repeats, reiterates and re-alleges its responses to paragraphs 1 through 46 of the Complaint as if set forth at length herein.

48.     Denies the truth of the allegations contained in paragraph 48 of the Complaint as they relate to DDI, and lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

49.     Denies the truth of the allegations contained in paragraph 49 of the Complaint as they relate to DDI, and lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

50.     Denies the truth of the allegations contained in paragraph 50 of the Complaint as they relate to DDI, and lacks information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

51.     Repeats, reiterates and re-alleges its responses to paragraphs 1 through 50 of the Complaint as if set forth at length herein.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.     Denies the truth of the allegations contained in paragraph 53 of the Complaint to the extent they relate to DDI and lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations therein.

54.     Denies the truth of the allegations contained in paragraph 54 of the Complaint to the extent they relate to DDI and lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations therein.

55.     Denies the truth of the allegations contained in paragraph 55 of the Complaint to the extent they relate to DDI and lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations therein.

56.     Denies the truth of the allegations contained in paragraph 56 of the Complaint to the extent they relate to DDI and lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations therein.

57.     Denies the truth of the allegations contained in paragraph 57 of the Complaint to the extent they relate to DDI and lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations therein.

FIRST AFFIRMATIVE DEFENSE

58.     The Complaint fails to state a cause of action for which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

59.     Plaintiff's claims are barred by the statute of frauds.

THIRD AFFIRMATIVE DEFENSE

60.     Plaintiff's claims are barred in whole or in part, by estoppel, laches and/or waiver.

FOURTH AFFIRMATIVE DEFENSE

61.     Defendants reserve their right to amend their Answer to the Complaint, including the right to assert counterclaims against the Plaintiffs.

### AS AND FOR DISTINGUISHED DIAGNOSTIC IMAGING P.C.'S CROSS-CLAIM AGAINST THIRD AVENUE IMAGING LLC, UNIQUE THIRD AVE LLC, UNIQUE IMAGING SERVICES LLC AND JOEL REISMAN

62.     Cross-Claimant Distinguished Diagnostic Imaging. PC ("DDI") is a professional corporation organized under the laws of the State of New York, with its principal place of business located at 11 Brittany Court, Chappaqua, New York 10514.

63.     Cross-Claimant repeats and reiterates the statements and allegations contained in paragraphs 1 through 62 above as if fully set forth at length herein.

64.     Upon information and belief, Cross-Defendant Third Avenue Imaging LLC ("TAI") is a limited liability company.

65.     Upon information and belief, Cross-Defendant Unique Third Ave LLC ("UTA") is a limited liability company.

66.     Upon information and belief, Cross-Defendant Unique Imaging Services ("UIS") is a limited liability company.

67.     Cross-defendant Joel Reisman ("Reisman" collectively referred to with TAI, UTA, UIS as the "Cross-Defendants") is a natural person and citizen and resident of the State of New York, Rockland County.

68.     Upon information and belief, Reisman is the sole member of TAI, UTA and UIS.

69.     This Court has jurisdiction to hear this cross-claim pursuant to 28 USC §1367(a) because the cross-claims are so related to the Plaintiff's claims so that they form part of the same case or controversy under Article III of the United States Constitution.

70.     Upon information and belief, venue is proper pursuant to 28 U.S.C. 1391(a) in that all of the Cross-Defendants reside in the Southern District of New York.

71.     This cross-claim arises out of the occurrence that is the subject matter of the original action, cross-defendants allegedly defaulted under various loan documents.

72.     Cross-Claimant DDI by way of its cross claim against all Cross-Defendants says that without admitting any liability herein, if Plaintiff sustained the damages as alleged in the Complaint, said damages were sustained as  a result of the carelessness, recklessness, negligence, fault and/or acts of omission or commission of Cross-Defendants, their agents, servants and/or employees, and if any judgment is recovered hereby by Plaintiff against Cross-plaintiff, the Cross-defendants will be responsible in whole or in part.

73.     That by reason of the foregoing, in the event DDI is held responsible for damages allegedly sustained by Plaintiff, the liability will  have been brought about and caused, wholly or in part, by the negligence, carelessness, recklessness, wanton disregard and/or fault of Cross-Defendants, their agents, servants and/or employees without any contributory fault or negligence on the part of DDI and DDI will be entitled to judgment over for common law indemnification against the Cross-Defendants for the full amount of such judgment.

74.     Wherefore the Cross-claimant DDI demands judgment by way of indemnity against all Cross-Defendants together with interest, costs of suit and counsel fees.


**Wherefore**, for all the reasons stated above, defendant and Cross-Claimant Distinguished Diagnostic Imaging P.C. prays for an order and judgment:

a.  Dismissing each and every count against Distinguished Diagnostic Imaging P.C.;

b.  Awarding Distinguished Diagnostic Imaging, P.C. its reasonable costs, including attorneys' fees incurred in defending this action and prosecuting its cross claims;

c.  In favor of Distinguished Diagnostic Imaging, P.C.  on its first cross claim for indemnification, jointly and severally, against cross-defendants Third Avenue Imaging LLC, Unique Third Ave LLC, Unique Imaging Services LLC and Joel Reisman for any and all damages assessed against Distinguished Diagnostic Imaging, PC.  in favor of Plaintiff  Bank of America, N.A. in this action; and

d.  Granting such other and further relief as this Court deems just and proper.

Dated: Purchase, New York
       July 26, 2022

PAYKIN KRIEG & ADAMS LLP

*Joseph N. Paykin*

By: Joseph N. Paykin, Esq.
*Attorneys for Defendant*
 *Distinguished Diagnostic Imaging, P.C.*
2500 Westchester Avenue, Suite 107
Purchase, New York 10577
(212) 725-4423

## **VERIFICATION**

State of New York )
                                  ) ss.:
County of Westchester )

Dr. Rigney, being duly sworn, deposes and says as follows:

1. I am the sole shareholder of Distinguished Diagnostic Imaging, P.C.
2. I have read the foregoing Verified Answer and all of the responses contained therein. Except as to the responses provided upon information and belief, which responses I believe to be true all the responses in the Verified Answer are true based on my personal knowledge.

_____
Dr. John Rigney

Sworn to before me this
27th Day of July, 2021

_____
Notary Public

DILRAJ K BAJWA
Notary Public - State of New York
NO. 01BA6254405
Qualified in Westchester County
My Commission Expires 1/17/2024

12