UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BANK OF AMERICA, N.A.,**<br><br>    *Plaintiff,*<br>v.<br><br>**THIRD AVENUE IMAGING LLC**, a New York limited liability company, **UNIQUE THIRD AVE LLC**, a New York limited liability company, **UNIQUE IMAGING SERVICES LLC**, a New York limited liability company, **DISTINGUISHED DIAGNOSTIC IMAGING, P.C.,** a New York professional corporation, and **JOEL REISMAN,** an individual**,**<br><br>    *Defendants.* | Case No. 21-cv-5201-VB<br><br>**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

   **MICHAEL A. SAMUELS**, an attorney duly admitted to practice before the Courts of the State of New York and this District, declares the following to be true under the penalties of perjury and states:

   1. I am Of Counsel at Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, attorneys for Plaintiff Bank of America, N.A. ("***BofA***" or the "***Plaintiff***"), and as such I am fully familiar with the facts and circumstances surrounding the above-captioned action.

   2. I submit this Declaration in support of BofA's motion (the "***Motion***") for an order (a) pursuant to Fed. R. Civ. P. 56, granting summary judgment in favor of BofA on the First, Second and Sixth Claims set forth in its Amended Verified Complaint (defined below) as against defendants Third Avenue Imaging LLC ("***TAI***"), Unique Third Ave LLC ("***UTA***"), Unique Imaging Services LLC ("***UIS***"), Distinguished Diagnostic Imaging, P.C. ("***DDI***"), and Joel Reisman ("***Reisman***," collectively with TAI, UTA, UIS and DDI, the "***Defendants***"); (b) awarding to BofA such other and further relief this Court may deem, just, proper, and equitable.

1

# PROCEDURAL HISTORY

3. On June 11, 2021, this action was commenced by the electronic filing of a Verified Complaint and supporting documents with the Clerk of the United States District Court for the Southern District of New York (the "***Verified Complaint***")(ECF, Doc. 1).

4. On August 31, 2021, the defendants TAI, UTA, UIS, and Reisman (the "***Reisman and LLC Defendants***") filed their Verified Answer to the Verified Complaint (ECF, Doc. 31).

5. On September 10, 2021, the defendant DDI filed its Verified Answer to the Verified Complaint with a cross-claim against the Reisman and LLC Defendants. (ECF, Doc. 34).

6. On October 1, 2021, the Reisman and LLC Defendants filed a Verified Reply to the cross-claim (ECF, Doc. 38).

7. On October 14, 2021, the Court conducted an Initial Pretrial conference on October 14, 2021 and entered a Civil Case Discovery Plan and Scheduling Order (as amended and revised, the "***Discovery Plan***")(ECF, Doc. 42).

8. On February 8, 2022, a Revised Civil Case Discovery Plan and Scheduling Order was entered revising the Discovery Plan (ECF, Doc. 45), which, among other things, extended the completion of discovery through April 14, 2022.

9. On April 12, 2022, a Second Revised Civil Case Discovery Plan and Scheduling Order was entered further revising the Discovery Plan (ECF, Doc. 51), which, among other things, extended the completion of discovery through May 19, 2022.

10. On June 6, 2022, the Court held a Status Conference and scheduled the next case management conference, which was also to serve as a pre-motion conference for any anticipated summary judgment motions, for July 14, 2022.

11. On July 14, 2022, the Court held a conference, pursuant to which the Court entered an Order dated July 14, 2022 (ECF, Doc. 62), which, among other things, (i) referred the case to the Court-annexed Mediation Program (the "*Mediation*"), (ii) granted the Plaintiff leave to amend the Verified Complaint, (iii) extended the deadline for completion of discovery to October 12, 2022, and (iii) scheduled the next case management conference for October 20, 2022.

12. On July 15, 2022, the Plaintiff filed its Amended Verified Complaint (the "*Amended Verified Complaint*")(ECF, Doc. 63). (A true and correct copy of the Amended Verified Complaint with Exhibits 1-6 is annexed hereto as **Exhibit "A"** and is incorporated herein by reference).

13. On July 27, 2022, the Reisman and LLC Defendants filed their Verified Answer to the Amended Verified Complaint (the "*Reisman and LLC Defendants' Answer*")(ECF, Doc. 66). (A true and correct copy of the Reisman and LLC Defendants' Answer is annexed hereto as **Exhibit "B"**).

14. On July 27, 2022, defendant DDI filed its Verified Answer to the Amended Verified Complain with a cross-claim against the Reisman and LLC Defendants ("*DDI's Answer*") (ECF, Doc. 65). (A true and correct copy of DDI's Answer is annexed hereto as **Exhibit "C"**).

15. On August 1, 2022, the Reisman and LLC Defendants filed their Verified Reply to DDI's cross-claim (the "*Reisman and LLC Reply*")(ECF, Doc. 67). (A true and correct copy of the Reisman and LCC Reply is annexed hereto as **Exhibit "D"**).

16. On September 30, 2022, the Court-appointed mediator filed as a docket entry a Final Report of Mediator to the Clerk that the Mediation in this case was held but was unsuccessful in resolving any issue in the case. (ECF, Doc. 68).

17. On October 12, 2022, the Court entered a docket Order extending the completion

of discovery to October 19, 2022 (ECF, Doc. 72).

18. On October 20, 2022, the Court held a conference, pursuant to which the Court entered an Order (the "*October 20 Order*") (ECF, Doc. 73), which, among other things, (i) directed a briefing schedule for the Plaintiff to file a motion for summary judgment and responses thereto and (ii) scheduled an in-camera review of certain redacted documents produced by the defendant DDI during discovery[1].

## THE PLEADINGS

19. As referenced herein in paragraph 12 above, the Verified Complaint was amended once by the Plaintiff and defined as the Amended Verified Complaint (ECF, Doc. 63).

20. By the Amended Verified Complaint, *inter alia*, BofA seeks to collect amounts due and owing from the Defendants to BofA under a certain Loan Agreement, Security Agreement, and Guaranties together with other Loan Documents (as those capitalized terms are defined in the Amended Verified Complaint).

21. The Amended Verified Complaint sets forth the following claims: (i) First Claim - Breach of Contract against defendant TAI; (ii) Second Claim - Foreclosure of Security Interest against all defendants; (iii) Third Claim - Replevin against all defendants; (iv) Fourth Claim - Conversion against all defendants; (v) Fifth Claim - Unjust Enrichment against all defendants; and (vi) Sixth Claim - Breach of Guaranties against defendants UTA, UIS, Reisman and DDI.

22. The Reisman and LLC Defendants' Answer contains three (3) Affirmative Defenses (the "*Reisman and LLC Defendants' Affirmative Defenses*"), including: (i) the [Amended Verified Complaint] fails to state a claim upon which relief may be granted; (ii) the

---

[1] On October 26, 2022, counsel for the defendant DDI filed a letter (Doc. 74) advising the Court that emails were provided to Plaintiff's counsel in unredacted form, which resolved the need for an in-camera review.

[Reisman and LLC Defendants] are not in default under the loan documents; and (iii) the Plaintiff cannot accelerate the obligations under the loan documents. (See Reisman and LLC Defendants' Answer, pp. 7-8, ¶¶ 58-60).

23. DDI's Answer contains four (4) Affirmative Defenses (the "***DDI Affirmative Defenses***," collectively with the Reisman and LLC Affirmative Defenses, the "***Affirmative Defenses***"), including: (i) the [Amended Verified Complaint] fails to state a cause of action for which relief may be granted; (ii) Plaintiff's claims are barred by the statute of frauds; (iii) Plaintiff's claims are barred in whole or in part, by estoppel, laches and/or waiver; and (iv) Defendant DDI reserves its rights to amend the Answer, including the right to assert counterclaims against the Plaintiffs [sic]. DDI's Answer also includes a cross-claim for indemnification against the Reisman and LLC Defendants. (See DDI's Answer, pp. 8-10, ¶¶ 58-74).

24. As set forth in the Plaintiff's accompanying Memorandum of Law dated December 30, 2022, the Affirmative Defenses alleged by the Reisman and LLC Defendants and the defendant DDI are not sufficiently supported by facts or law and cannot give rise to a genuine issue of material fact in this matter.

## DISCOVERY

25. On September 14, 2021, the Plaintiff's counsel received DDI's Rule 26(a)(1)(A) Disclosure (the "***DDI's Rule 26 Disclosure***"). (A true and correct copy of DDI's Rule 26 Disclosure is annexed hereto as **Exhibit "E"**).

26. On November 24, 2021, the Plaintiff's counsel served the Defendants with the Plaintiffs Rule 26(a)(1) Disclosure.

27. On November 29, 2021, the plaintiff's counsel received the Reisman and LLC Defendants Rule 26(a)(1) Disclosure.

28. On January 20, 2022, the Plaintiff produced documents in response to the defendant DDI's First Request for the Production of Documents, which was amended on January 25, 2022 and Supplemented on February 4, 2022.

29. On February 22, 2022, the Plaintiff's counsel served a Notice to Take Deposition of Joel Reisman dated February 22, 2022, inclusive of document demands (the "***Notice of Reisman Deposition***"), which scheduled a deposition of Reisman for March 24, 2022, both individually, and as a representative of the defendants TAI, UTA, UIS, and as authorized signatory of the defendant DDI. (A true and correct copy of the Notice of Reisman Deposition is annexed hereto as **Exhibit "F"**).

30. Pursuant to the Notice of Reisman Deposition, the Plaintiff's counsel demanded the production of documents concerning, among other things, copies of all agreements authorizing Reisman to enter into and execute the Loan Documents as authorized signatory on behalf of DDI. The Plaintiff's counsel subsequently agreed to an extension of time for the Reisman and LLC Defendants to respond to the document demands set forth in the Notice of Reisman Deposition and rescheduled the deposition from March 24, 2022 to March 31, 2022.

31. On February 22, 2022, the Plaintiff's counsel also noticed a deposition of Dr. John T. Rigney ("***Rigney***"), the President and sole shareholder of DDI dated February 22, 2022, for a deposition scheduled for March 15, 2022, which was subsequently rescheduled for April 7, 2022.

32. On March 16, 2022, a Subpoena to Testify at a Deposition in a Civil Action dated March 10, 2022 (the "***Schutzman Subpoena***") was issued to and accepted by Stanley A. Schutzman ("***Attorney Schutzman***"), the Defendants' closing counsel for the Loan with a deposition scheduled for April 14, 2022. (A true and correct copy of the Schutzman Subpoena is annexed hereto as **Exhibit "G"**).

278664162v.1

33. On March 28, 2022, the Reisman and LLC Defendants produced documents in response to the Notice of Reisman Deposition (the "***Reisman Responsive Documents***"). (A true and correct copy of a relevant email chain produced in the Reisman Responsive Documents is annexed hereto as **Exhibit "H-1"**).

34. On March 31, 2022, the Plaintiff's counsel conducted a deposition of Reisman (the "***Reisman Deposition***"). (A true and correct copy of the transcript from the Reisman Deposition, the "***Reisman Transcript***" is annexed hereto as **Exhibit "H-2"**).

35. On April 7, 2022, the Plaintiff's counsel conducted a deposition of Rigney (the "***First Rigney Deposition***"). (A true and correct copy of the transcript from the First Rigney Deposition, the "***First Rigney Transcript***," is annexed hereto as **Exhibit "I"**).

36. During the First Rigney Deposition, Rigney testified that Russell Friedman, Esq. ("***Attorney Friedman***") represented Rigney on February 28, 2017, at the time of the closing of the Loan documents, and that Attorney Friedman was now deceased, but his law office was still open. (See Exhibit "I," at pp. 76:16 through 76:23 and 81:3 through 81:13).

37. On April 12, 2022, a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to The Russell Friedman Law Group, LLP, the successor law offices of Russell Friedman (the "***Friedman Firm***") issued by Plaintiff's counsel dated April 11, 2022 (the "***Friedman Subpoena***") was served on the Friedman Firm, with responses due by May 12, 2022. The Plaintiff's counsel agreed to an extension with the Friedman Firm to produce documents by May 17, 2022.

38. On April 14, 2022, the Plaintiff's counsel conducted a deposition of Attorney Schutzman as counsel to the defendants TAI, UTA, UIS, Reisman and DDI, at the time of the closing of the Loan Documents on February 28, 2017 (the "***Schutzman Deposition***"). (A true and

7

correct copy of the transcript from the Schutzman Deposition, the "*Schutzman Transcript*," is annexed hereto as **Exhibit "J"**).

39. On May 17, 2022, the Plaintiff's counsel received from the Friedman Firm documents responsive to the Friedman Subpoena (the "*Friedman Firm Response*"). (True and correct relevant portions of the Friedman Firm Response are collectively annexed hereto as **Exhibit "K,"** and arranged in subparts: (i) **"K-1"** Amended Privilege Log dated October 7, 2022, (ii) **"K-2"** bates-stamped pp. 00037-00070, (iii) **"K-3"** bates-stamped pp. 000128-000182, (iv) **"K-4"** bates-stamped pp. 000183-000186, (v) **"K-5"** bates-stamped pp. 000200-000254, (vi) **"K-6"** bates-stamped pp. 000274-000278, (vii) **"K-7"** bates-stamped 000279-000291, (viii) **"K-8"** bates-stamped pp. 000306-000312, and (ix) **"K-9"** bates-stamped pp. 000649-000653).

40. On September 27, 2022, DDI's counsel stipulated by email that the email address JTMR13@aol.com, which is referenced in emails provided in the Friedman Firm Response, is Rigney's email address. (A true and correct copy of the September 27, 2022 email, with the balance of the email chain omitted, is annexed hereto as **Exhibit "L"**).

41. Based upon the new evidence received by the Plaintiff's counsel as part of the Friedman Firm Response, the Plaintiff's counsel, on consent with the Defendants' counsel, scheduled a continued deposition of Rigney for October 11, 2022, which was then rescheduled at the request of DDI's counsel to October 17, 2022 (the "*Second Rigney Deposition*").

42. On October 17, 2022, about an hour prior to the scheduled deposition of Rigney, the Plaintiff's counsel received the defendant DDI's Amended Rule 26(a) Disclosures ("***DDI's Amended Rule 26 Disclosures***"), which were not previously produced by the defendant DDI, inclusive of an email chain with redacted pages DDI-000001 and DDI-000002 (the "***Redacted Rigney Documents***"). (A true and correct copy of DDI's Amended Rule 26 Disclosures, which

was marked for identification during the Second Rigney Deposition as Exhibit A-2, is annexed hereto as **Exhibit "M"**).

43. Further, on October 17, 2022, the Second Rigney Deposition was conducted by the Plaintiff's counsel. (A true and correct of the transcript from the Second Rigney Deposition, the "*Second Rigney Transcript*," is annexed hereto as **Exhibit "N"**).

44. On October 26, 2022, to resolve the scheduled in-camera review of the Redacted Rigney Documents as directed in the October 20 Order referenced above, defendant DDI's counsel produced on consent to the Plaintiff's counsel an unredacted version of the Redacted Rigney Documents (the "*Unredacted Rigney Documents*"). (A true and correct copy of the Unredacted Rigney Documents are annexed hereto as **Exhibit "O"**).

**WHEREFORE**, it is respectfully requested that this Court grant the Motion in its entirety and for such other and further relief this Court deems appropriate.

Affirmed and executed on December 30, 2022
New York, New York

                                                   By: /s/Michael A. Samuels
                                                       MICHAEL A. SAMUELS