EXHIBIT "A"

# STANLEY A. SCHUTZMAN, P.C.
## ATTORNEY AT LAW

**STANLEY A. SCHUTZMAN**

*Please mail correspondence
to Rockland Office.*

VISIT US AT:

Email: Schutzmanlaw@aol.com

**ROCKLAND OFFICE:**

61 South Main Street
Suite 1 - 2nd Floor
New City, N.Y. 10956

**DUTCHESS ADDRESS:**

P.O. Box 969
Poughkeepsie, NY 12602
---------
**Phone: (845) 600-8LAW (8529)
Fax: (845) 600-1LAW (1529)**

**Legal Assistant:
DIANA E. FRAILEY**

February 28, 2017

BANK OF AMERICA, N.A.
One Bryant Park, 36th Floor
New York, New York 10036

Re:  Loan from Bank of America, N.A. to Third Avenue Imaging LLC
Loan Amount: $5,240,000.00
Closing Date: February 28, 2017

Ladies and Gentlemen:

This firm has acted as legal counsel to Third Avenue Imaging LLC, a New York limited liability company ("Borrower"), Distinguished Diagnostic Imaging P.C., a New York Corporation, Unique Third Ave LLC, a New York limited liability company, Unique Imaging Services LLC, a New York limited liability company, and Joel Resiman, individually (collectively, "Guarantors") (collectively, Borrower and Guarantors are referred to as "Obligors") in connection with a certain loan in the principal amount of up to $5,240,000.00 (the "Loan") being made by Bank of America, N.A. ("Lender") to Borrower on the date hereof secured by, inter alia, a security agreement of even date herewith encumbering the business and personal property including but not limited to the equipment and improvements thereon located at designated as Tax Block 2307, Lot 37 & 38 and Block 2327, Lot 4, 5 & 6 on the tax maps of the City of New York, County of Bronx, and located at 2772-2774 & 2777-2781 Third Avenue, Bronx, New York (the "Property").

We have examined the original, a certified copy, or otherwise identified to our satisfaction as a true copy of each of the following documents:

(i)  a Loan Agreement of even date herewith executed by Borrower and Lender (the "**Loan Agreement**");

(ii)     an Security Agreement of even date herewith executed by Borrower and Guarantor in favor of Lender with respect to the Property (the "**Security Agreement**");

(iii)     (x)     Assignment of License Agreement delivered between Distinguished Diagnostic Imaging, P.C. and the Borrower, assigning the rights to the turnkey license agreement to the Lender (the "**Assignment of License Agreement**");

(iv)     a Continuing and Unconditional Guaranty of even date herewith executed by Distinguished Diagnostic Imaging P.C., a New York Corporation, in favor of Lender (the "**DDI Guaranty**");

(v)     a Continuing and Unconditional Guaranty of even date herewith executed by Unique Third Ave LLC, a New York limited liability company, in favor of Lender (the "**Unique Third Ave Guaranty**");

(vi)     a Continuing and Unconditional Guaranty of even date herewith executed by Unique Imaging Services LLC, a New York limited liability company, in favor of Lender(the "**Unique Imaging Services Guaranty**");

(vii)     a Continuing and Unconditional Guaranty of even date herewith executed by Joel Reisman in favor of Lender (the "**Joel Reisman Guaranty**");

(viii)     UCC-1 Financing Statements (the "**UCCs**") delivered by the Borrower, as debtor, in favor of Lender, as secured party, with respect to the Property.

The documents described in the preceding clauses (i) through (xi) are sometimes collectively referred to herein as the "**Loan Documents**."

We have participated in the preparation of the Loan Documents, and have assisted Obligors in their activities relative to the transactions contemplated by, or referred to in them. We have examined such records, documents, instruments, and certificates of public officials, and made such inquiries of Obligors and their respective principals and considered such questions of law as we have deemed necessary for the purpose of rendering the opinions set forth in this letter.

We have assumed:

(a)     the genuineness of all signatures of the individuals executing documents other than Obligors,

(b)     the authenticity of all items submitted to us as originals, and

(c)     the conformity with originals of all items submitted to us as copies.

In making our examination of the Loan Documents executed by entities or individuals other than Obligors, we have assumed:

(a)     that each of those other entities or individuals had the power to enter into and perform all of its obligations under them,

(b)     the due authorization by each of those other entities or individuals of all requisite action, and

(c)     the due execution and delivery of those documents by each such other entity or individual.

Whenever our opinion in this letter, with respect to the existence or absence of facts, is indicated to be based on our knowledge or awareness, it is intended to signify that during the course of our representation of Obligors as described in this letter, no information has come to our attention which would give us actual knowledge of the existence or absence of those facts.

The opinions expressed below are subject to the following further qualifications:

(i)     Our opinion is subject to the effect of bankruptcy, insolvency, reorganization, arrangement, moratorium, or other similar laws relating to or affecting the rights of creditors generally;

(ii)     Our opinion is subject to limitations imposed by general principles of equity upon the specific enforceability of any of the remedies, covenants or other provisions of the Loan Documents and upon the availability of injunctive relief or other equitable remedies, and the application of principles of equity (regardless of whether enforcement is considered in proceedings at law or in equity); and

(iii)     Certain rights and remedies contained in the Loan Documents may be rendered ineffective, or limited, by applicable laws or judicial decisions governing such provisions, but such laws and judicial decisions do not, in our opinion, make the Loan Documents inadequate for the practical realization of the benefits or security, or both, intending to be provided by the Loan Documents.

Our opinion is based upon and relies upon the current status of law, and in all respects is subject to and may be limited by future legislation, as well as developing case law.

Based upon the foregoing, we are of the opinion that:

1.     Borrower is a limited liability company duly formed and validly existing in good standing under the laws of the State of New York and has the power and authority to own and operate the Property. Joel Reisman is the sole member of Borrower.

2.     Distinguished Diagnostic Imaging, P.C.. is a corporation duly formed and validly existing in good standing under the laws of the State of New York. Dr. John Rigney is the President of Distinguished Diagnostic Imaging, P.C.

3.     Unique Third Ave LLC, is a limited liability company duly formed and validly existing in good standing under the laws of the State of New York. Joel Reisman is the sole member of Third Avenue Imaging LLC.

4.     Unique Imaging Services LLC, is a limited liability company duly formed and validly existing in good standing under the laws of the State of New York. Joel Reisman is the Managing Member of Unique Imaging Services LLC.

5.     Unique Third Ave LLC, is a limited liability company duly formed and validly existing in good standing under the laws of the State of New York. Joel Reisman is the sole member of Unique Third Ave LLC.

6.     Joel Reisman is an individuals of legal age and capacity to enter into such of the Loan Documents as she may deliver in accordance herewith.

7.     Each Obligor has full power, authority, and legal right to execute, deliver, and comply with each of the Loan Documents executed by them, and all actions of each Obligor and other authorizations necessary or appropriate for the execution and delivery of and compliance with the Loan Documents have been taken or obtained, and the Loan Documents constitute the valid and legally binding obligations of Obligors enforceable against them in accordance with their respective terms.

8.     No consent, approval, or other authorization of or by any court, administrative agency or other governmental authority is required in connection with Borrower's or any other Obligor's execution and delivery of or compliance with any of the Loan Documents.

9.     The execution and delivery of and compliance with the Loan Documents by Obligors will not conflict with or result in a breach of any applicable law, judgment, order, writ, injunction, decree, rule or regulation of any court, administrative agency, or other governmental authority, or of any provision of the Obligor's formation documents or any provision of any agreement or other document or instrument to which any Obligor is a party or by which any of them or any of their property is bound, and such action by Obligors will not result in the creation or imposition of any lien, charge or encumbrance upon any property of Obligors in favor of anyone other than Lender.

10.     There is no action, suit, or proceeding pending or, to the knowledge of the undersigned, threatened against or affecting Borrower or the Property before or by any court, administrative agency or other governmental authority, or which brings into question the validity of the transactions contemplated by the Loan Documents.

11.     We are not aware of any matters contrary to the representations and warranties of Obligors contained in any of the Loan Documents.

12.     The Loan is not usurious.

13.     The Loan Documents will be construed under the laws of the State where the Property is located and will be valid, effective, and enforceable under the laws of such State.

14.     Upon filing of the UCCs, the Lender will have a valid and duly perfected first priority security interest in all Borrower's interest in those fixtures and equipment that are encumbered by the Mortgage, to the extent that the collateral is of a type in which in a security interest may be perfected by such filings.

BOA000173

This opinion is solely for Lender's benefit and the benefit of your underwriters, assignees and participants in connection with the referenced transaction and may not be quoted or relied on by, nor copies be delivered to, any other person, nor may it be used for any other purpose, without our prior written consent.

Very truly yours,