**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| **BANK OF AMERICA, N.A.,** | ) |
| | )   Case No. 21-cv-5201-VB |
| *Plaintiff,* | ) |
| v. | ) |
| | ) |
| **THIRD AVENUE IMAGING LLC**, a | ) |
| New York limited liability company, | ) |
| **UNIQUE THIRD AVE LLC**, a New York | ) |
| limited liability company, **UNIQUE** | ) |
| **IMAGING SERVICES LLC**, a New York | ) |
| limited liability company, | ) |
| **DISTINGUISHED DIAGNOSTIC** | ) |
| **IMAGING, P.C.,** a New York professional | ) |
| corporation, and **JOEL REISMAN,** an | ) |
| individual**,** | ) |
| *Defendants.* | ) |
| | ) |

_____

---

## MEMORANDUM OF LAW OF PLAINTIFF BANK OF AMERICA, N.A. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

---

Dated: December 30, 2022

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

By: /s/Michael Adam Samuels
Michael Adam Samuels
150 E. 42nd Street
New York, NY 10017
Telephone: (212) 490-3000
Direct: (212) 915-5735
Facsimile: (212) 490-3038
michael.samuels@wilsonelser.com
*Attorneys for Plaintiff Bank of America, N.A.*

ON THE BRIEF:
Michael Adam Samuels
Daniel F. Flores

# TABLE OF CONTENTS

PAGES

PRELIMINARY STATEMENT ……………………………………………… 1-2

STATEMENT OF FACTS………………………………………………... 2

ARGUMENTS

I.  PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIMS
    IN ITS VERIFIED COMPLAINT…………………………………………  3-16

    A. Response to the Defendants' Answers and Affirmative Defenses……........  5-11

    B. Response to DDI's Anticipated Defense that Reisman Was Not DDI's
       Duly Authorized Representative…………………………………………  12-16

CONCLUSION…………………………………………………………….  16-17

# TABLE OF AUTHORITIES

*CASES*                                                                  PAGES

*McKinney v City of Middletown*, 49 F.4th 730, 737 (2d Cir 2022)………………………  3, 4

*Lovejoy–Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001)
(*quoting Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348)…………………………………  3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87,
106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). ……………………………………………  3

*Jaffer v. Hirji,* 887 F.3d 111, 114 (2d Cir. 2018))………………………………………..  3

*Cityspec, Inc. v. Smith*, 617 F.Supp.2d 161, 168 (E.D.N.Y. 2009)………………………..  3, 5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505,
91 L.Ed.2d 202 (1986)…………………………………………………………………  3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)……  3

*Major League Baseball Properties, Inc. v. Salvino, Inc.*
542 F.3d. 290, 310 (2d Cir. 2008)……………………………………………………………  4, 5-6, 7

*Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 451–52 (2d Cir. 1999)…………………………...  4, 6

*Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)…………………………………………..  4, 6

i

*Kern v Cambridge Holdings, LLC*, 2000 US Dist LEXIS 13211at \*4
(SDNY Sep. 13, 2000, 99 Civ. 3602 (MBM))…………………………………………… 4

*Professional Merchant Advance Capital, LLC v C Care Servs., LLC*, 2015 US Dist
LEXIS 92035 at \*15 (SDNY July 15, 2015, No. 13-cv-6562 (RJS))…………………… 4

*Bank of Am., N.A. v City View Blinds of NY*, 2022 US Dist LEXIS 33558 at \*14
(SDNY Feb. 25, 2022)…………………………………………………………………… 4

*Wells Fargo Bank Northwest N.A. v. Taca Intern. Airlines,
S.A.*, 247 F.Supp.2d 352, 361 (S.D.N.Y. 2002)……………………………………... 5

*Schechter v. Comptroller of New York*, 79 F.3d 265, 270 (2d Cir. 1996)……………… 6

*EEOC v UPS*, 2017 US Dist LEXIS 101564 at \*15 (EDNY June 29, 2017,
No. 15-CV-4141 (MKB) (CLP)…………………………………………………………. 6, 11

*Aspex Eyewear, Inc. v Clariti Eyewear, Inc.,* 531 F Supp 2d 620, 623 (SDNY 2008)…… 9

*Sheehy v Clifford Chance Rogers & Wells LLP*, 3 NY3d 554, 559 (2004)……………… 10

*Niedernhofer v Wittels*, 2018 US Dist LEXIS 128979 \*8-9
(SDNY July 31, 2018, No. 17-CV-445 (NSR))………………………………………… 10

*McConnell Dorce v City of NY*, 2022 US Dist LEXIS 188387 at \*13
SDNY Oct. 14, 2022)…………………………………………………………………… 10

*Silva v Hornell Brewing Co.,* 2020 US Dist LEXIS 247538 at \*11
(EDNY Dec. 1, 2020, No. 20-CV-756 (ARR) (PK))…………………………………… 10

*Howard Univ. v Borders*, 588 F Supp 3d 457, 478 (SDNY 2022)………………………... 10-11

*Media v Brant*, 2021 US Dist LEXIS 29755 at \*14 (SDNY Feb. 12, 2021,
No. 19-CV-11218 (VM) (RWL))……………………………………………………… 11

*Flannigan v Vulcan Capital Mgt.,* 2006 US Dist LEXIS 117772 at \*15
(SDNY Aug. 23, 2006)………………………………………………………………… 11

278577565v.1

## _STATUTES_

Fed.R.Civ.P. 56……………………………………………………………………… 1, 3, 16-17

Fed.R.Civ.P. 15…………………………………………………………………… 11

Fed.R.Civ.P. 16(a) ……………………………………………………………….. 11

UCC § 9-601(a)(1)…………………………………………………………............ 4

UCC § 9-609(a)(1)……………………………………………………………….. 4

UCC § 9-609(b)(1)-(2)…………………………………………………………… 4

UCC § 9-610………………………………………………………………………. 4

278577565v.1

## PRELIMINARY STATEMENT

Plaintiff Bank of America, N.A. ("**BofA**" or the "**Plaintiff**") submits this Memorandum of Law in support of its motion (the "**Motion[1]**") for an Order pursuant to Fed. R. Civ. P. 56, granting summary judgment in favor of BofA (a) on its First, Second and Sixth Claims of its Amended Verified Complaint dated July 8, 2022 and filed on July 15, 2022 (the "**Amended Verified Complaint**") (ECF, Doc. 63) as against defendants Third Avenue Imaging LLC ("**TAI**"), Unique Third Ave LLC ("**UTA**"), Unique Imaging Services LLC ("**UIS**"), and Joel Reisman ("**Reisman**," collectively with TAI, UTA, UIS, the "**Reisman and LLC Defendants**") and Distinguished Diagnostic Imaging, P.C. ("**DDI**," collectively with the Reisman and LLC Defendants, the "**Defendants**"); (b) striking the Answers to the Amended Verified Complaint filed by both: (i) the Reisman and LLC Defendants (the "**Reisman and LLC Defendants' Answer**"), and (ii) defendant DDI ("**DDI's Answer**"), including the respective affirmative defenses asserted in the Reisman and LLC Defendants' Answer and DDI's Answer (collectively, the "**Affirmative Defenses**"); and (c) awarding to BofA such other and further relief this Court may deem just, proper, and equitable.

BofA is entitled to the relief requested in the Motion because BofA can establish its *prima facie* case for summary judgment against all of the Defendants and the Defendants have failed to refute the same.

The Reisman and LLC Defendants do not dispute the validity of the Loan Documents, inclusive of the Loan Agreement entered into between BofA and the defendant TAI on February

---

[1] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to such terms in the accompanying Declaration of Michael A. Samuels dated December 30, 2022 (the "**Samuels Decl.**"), Affidavit of Matthew J. Hyland sworn to on December 30, 2022 (the "**Hyland Aff.**") and Plaintiff's Statement of Material Facts, pursuant to Local Rule 56.1 dated December 30, 2022 (the "**Rule 56.1 Statement**").

28, 2017, as well as the Security Agreement and the Guaranties as of the same date, which were entered into by the Reisman and LLC Defendants. Further, BofA can establish the defaults under the Loan Documents and that there are outstanding obligations owed by the Reisman and LLC Defendants to BofA. The Reisman and LLC Defendants have set forth three (3) Affirmative Defenses in the Reisman and LLC Defendants' Answer, however, none of the asserted Affirmative Defenses are sufficient to defeat summary judgment.

Based upon discovery disputes which have arisen in this action, Plaintiff anticipates that defendant DDI will attempt to avoid its liability as guarantor of the Loan indebtedness by denying that defendant Reisman was authorized to execute the relevant Security Agreement and the Guaranties on behalf of DDI. However, as will be demonstrated herein, BofA has indisputable evidentiary proof which will establish that defendant DDI did, in fact, authorize Reisman to act as an "authorized signatory," on behalf of DDI for purposes of entering into and executing the Security Agreement and DDI's guaranty with respect to the Loan. Further, BofA can establish the defaults under the Loan Documents, that there are outstanding obligations owed by DDI to BofA, and none of the conclusory Affirmative Defenses asserted by DDI are sufficient to defeat summary judgment.

## STATEMENT OF FACTS

BofA respectfully refers the Court to the Plaintiff's Rule 56.1 Statement, the Samuels Decl., and the Hyland Aff., which provides a full recitation of the underlying facts and establishes the basis for which the Plaintiff is entitled to the relief sought in the Motion as a matter of law. Further, a factual summary is included in section I.B. concerning BofA's response to DDI's anticipated defense that Reisman was not DDI's duly authorized representative.

2

## ARGUMENT

## I.  PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT
## ON ITS CLAIMS IN ITS AMENDED VERIFIED COMPLAINT

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *McKinney v City of Middletown*, 49 F.4th 730, 737 (2d Cir 2022). There is no existing genuine dispute of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *McKinney v City of Middletown*, at 737-738,  (*citing Lovejoy-Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 208, 212 (2d Cir. 2001) and (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

The initial burden is on the movant "showing that there is no genuine dispute as to a material fact." *McKinney v City of Middletown*, at 738 (*citing Jaffer v. Hirji,* 887 F.3d 111, 114 (2d Cir. 2018)). If the moving party fulfills its initial burden, the burden then shifts to the non-movant to come forward with "specific facts showing that there is a genuine issue for trial." *Cityspec, Inc. v. Smith*, 617 F.Supp.2d 161, 168 (EDNY 2009) (Wexler, J.) (*citing Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348) (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the [non-movant's position] will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *McKinney v City of Middletown*, at 738 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).  "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Conclusory statements devoid of specifics, conjecture, and speculation are insufficient to create a genuine factual

dispute and insufficient to defeat a properly supported motion for summary judgment. *See Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d. 290, 319 (2d Cir. 2008); *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 451–52 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). Accordingly, rather than simply denying the allegations of the moving party, the non-moving party "must present competent evidence that creates a genuine issue of material fact." *McKinney v City of Middletown*, at 738 [internal citations omitted].

Under New York Law, the elements for breach of contract claim consist of "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *See Kern v Cambridge Holdings, LLC*, 2000 US Dist LEXIS 13211at *4 (SDNY Sep. 13, 2000, 99 Civ. 3602 (MBM)) [internal citations omitted].

"The elements of a claim for breach of guarantee under New York law are (1) an underlying obligation, (2) a guarantee, and (3) failure by the guarantor to make payment in accordance with the terms of the guarantee." *Professional Merchant Advance Capital, LLC v C Care Servs., LLC*, 2015 US Dist LEXIS 92035 at *15 (SDNY July 15, 2015, No. 13-cv-6562 (RJS)) [internal citations omitted].

Further, under New York Law, upon a borrower defaulting on a security agreement, the secured party may foreclose on its security interest and take possession of the collateral pursuant to judicial process or without judicial process and dispose of the collateral. *See* N.Y. U.C.C. §§ 9-601(a)(1)), 9-609(a)(1), (b)(1)-(2), and 9-610; see *Bank of Am., N.A. v City View Blinds of NY*, 2022 US Dist LEXIS 33558 at *14 (SDNY Feb. 25, 2022) [internal citations omitted].

The documentary evidence establishes that all of the Defendants entered into and executed the Loan Documents, that the Defendants defaulted on their Obligations owing to BofA under the Loan Documents, and that demand for payment of the Obligations was made on behalf

278543863v.6

of BofA pursuant to a written default notice (the "***Default Notice***"). (*See* Samuels Decl., Exhibit "A" annexed thereto, Amended Verified Complaint, Ex. "4," Hyland Aff., p. 6, ¶¶ 18-19 and Rule 56.1 Statement, pp. 12-13, ¶¶ 45-47). Further, a demand for turnover of the Collateral was made by BofA (the "***Turnover Demand***"). (See Amended Verified Complaint, Ex. "5," Hyland Aff., p. 7 ¶ 22, and Rule 56.1 Statement, p, 13, ¶ 50).

Despite the Default Notice and Turnover Demand, and the commencement of the action, the Defendants have failed to make the payments due under the Loan Documents and the defendant TAI has not assembled nor turned over the Collateral to BofA. (See Hyland Aff., p. 7, ¶ 23 and Rule 56.1 Statement, p. 14, ¶¶ 51-52).

Under New York law, it is an "'eminently sensible proposition' that when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms." *Wells Fargo Bank Northwest N.A. v. Taca Intern. Airlines, S.A.*, 247 F.Supp.2d 352, 361 (SDNY 2002).

Based on the foregoing, BofA has met its burden of establishing that there is no genuine issue of material fact and supporting the granting of summary judgment on the First, Second and Sixth Claims alleged in the Amended Verified Complaint.

### A. <u>Response to the Defendants' Answers and Affirmative Defenses</u>

As BofA has made out a *prima facie* case, the burden shifts to the Defendants to come forward with sufficient evidentiary proof (in admissible form), establishing that factual issues exist, which would require a trial of the action. *See Cityspec, Inc. v. Smith*, 617 F.Supp.2d 161 at 168. The Defendants must raise more than conclusory and unsubstantiated allegations to create an issue of fact and to defeat a properly supported motion for summary judgment. *See Major*

*League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d. 290, at 319; *Bickerstaff v. Vassar Coll.*, 196 F.3d 435 at 451–52 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105 at 114.

It is well-settled law in the Second Circuit that affirmative defenses that "amount to nothing more than mere conclusions of law are not warranted by any asserted facts have no efficacy." *Schechter v. Comptroller of New York*, 79 F.3d 265, 270 (2d Cir. 1996) [internal quotations omitted].   In the Second Circuit, "[A]ffirmative defenses that contain only 'bald assertions' without supporting facts should be stricken."  *See EEOC v UPS*, 2017 US Dist LEXIS 101564 at *15 (EDNY June 29, 2017, No. 15-CV-4141 (MKB) (CLP) (*citing, Schechter v. Comptroller of New York*, 79 F.3d 265 at 270).

Reisman and LLC Defendants' Answer

The Reisman and LLC Defendants' Answer denies the allegations set forth in the Amended Verified Complaint and raises three (3) meritless Affirmative Defenses: (i) the [Amended Verified Complaint] fails to state a claim upon which relief may be granted; (ii) the Reisman and LLC Defendants are not in default under the loan documents; (iii) the Plaintiff cannot accelerate the obligations under the loan documents. (See Samuels Decl., Ex. "B," the Reisman and LLC Defendants' Answer, pp. 7-8, ¶¶ 58-60).

It is respectfully submitted that none of the Reisman and LLC Defendants' conclusory and unsubstantiated affirmative defenses provide any basis nor meet the Reisman and LLC Defendants' burden to defeat any portion of the summary judgment relief sought by the Plaintiff.

As an initial matter, each one of the Reisman and LLC Defendants' purported Affirmative Defenses are unsupported by any detailed factual allegations. These Affirmative Defenses do not refute the existence of any of the Loan Documents or the indebtedness due and, moreover, the Affirmative Defenses are refuted by (i) the terms of the Loan Documents, (ii) the

6

documentary evidence provided by BofA, and (iii) the plain language of relevant statutory law. Finally, the Reisman and LLC Defendants have failed to establish a legal and/or factual basis for any and/or all of the Affirmative Defenses.

<u>*Reisman and LLC Defendants' First Affirmative Defense*</u>

The Reisman and LLC Defendants' First Affirmative Defense simply asserts, "Plaintiff's [Amended] Verified Complaint fails to state a claim upon which relief may be granted." (Reisman and LLC Defendants' Answer, p. 7, ¶ 58). This purported defense and legal conclusion is a bare, conclusory allegation and is refuted by the documentary evidence, which establishes each and every element of the causes of action plead in the Amended Verified Complaint, inclusive of the First, Second, and Sixth Claims which are the subject of this Motion.

Accordingly, the Reisman and LLC Defendants' First Affirmative Defense is without merit and has no impact on the Plaintiff's entitlement to summary judgment.

<u>*Reisman and LLC Defendants' Second Affirmative Defense*</u>

The Reisman and LLC Defendants' Second Affirmative Defense alleges that the, "Defendants are not in default under the Loan Documents." (Reisman and LLC Defendants' Answer, p. 7, ¶ 59).

This vague and ambiguous purported affirmative defense contains only bare, conclusory allegations, which are not supported by any factual allegations. "Conclusory statements, conjecture, and speculation are insufficient to create a genuine factual dispute." *See Major League Baseball Properties, Inc. v. Salvino, Inc.*, at 319 [internal citations omitted]. The facts, which are indisputable, establish that the Reisman and LLC Defendants breached the Loan Documents and the resulting damages are owed as a matter of law to BofA. (See Hyland Aff., pp. 6-7, ¶¶ 18-24 and Rule 56.1 Statement, pp. 13-14, ¶¶ 45-52).

7

Accordingly, the Reisman and LLC Defendants' Second Affirmative Defense is without merit and has no impact on the Plaintiff's entitlement to summary judgment.

*The Reisman and LLC Defendants' Third Affirmative Defense*

The Reisman and LLC Defendants' Third Affirmative Defense alleges that, "Under the circumstances, Plaintiff cannot accelerate the Obligations." (Reisman and LLC Defendants' Answer, p. 8, ¶ 60).

Based upon the documentary evidence, it is indisputable that the Reisman and LLC Defendants defaulted under the terms of the Loan Documents. Under the Loan Agreement, BofA had a contractual right to declare TAI in default, stop making any additional credit available to TAI, and to require TAI to repay its entire debt immediately. (Amended Verified Complaint, p. 3, ¶ 11, Ex. "1" annexed thereto, pp. 9-10, ¶ 8 and Rule 56.1 Statement, p.2, ¶ 3). The Guaranties each provide that upon the occurrence of an event of default under the Loan Agreement or any related document, BofA would be entitled to immediately enforce the Guaranties against the Guarantors, including, but not limited to declaring the indebtedness to be immediately due and payable to BofA. (Amended Verified Complaint, p. 5, ¶ 16 and Ex. "3", Rule 56.1 Statement, p. 10, ¶ 35).

Accordingly, the Reisman and LLC Defendants' Third Affirmative Defense is without merit and has no impact on the Plaintiff's entitlement to summary judgment.

Defendant DDI's Answer

From a general perspective, each one of the defendant DDI's purported Affirmative Defenses are conclusory, without merit and unsupported by detailed factual allegations. Mere conclusory assertions are not sufficient to give BofA notice of the affirmative defenses and are

insufficient. *See Aspex Eyewear, Inc. v Clariti Eyewear, Inc.,* 531 F Supp 2d 620, 623 (SDNY 2008).

DDI's Answer contains four (4) Affirmative Defenses, including: (i) the [Amended Verified Complaint] fails to state a cause of action for which relief may be granted; (ii) Plaintiff's claims are barred by the statute of frauds; (iii) Plaintiff's claims are barred in whole or in part, by estoppel, laches and/or waiver; and (iv) a reservation of DDI's right to amend DDI's Answer, including the right to assert counterclaims against the Plaintiff. (See Samuels Decl., Ex. "C," DDI's Answer, p. 8, ¶¶ 58-61).

It is respectfully submitted that none of defendant DDI's purported Affirmative Defenses provide any basis or meet the defendant DDI's burden to defeat any portion of the summary judgment relief sought by the Plaintiff.

*Defendant DDI'S First Affirmative Defense*

Defendant DDI's First Affirmative Defense simply asserts that, "The [Amended Verified] Complaint fails to state a cause of action for which relief may be granted." (DDI's Answer, p. 8, ¶ 58). This purported defense and legal conclusion is a bare, conclusory allegation and is refuted by the documentary evidence, which establishes each and every element of the causes of action plead in the Amended Verified Complaint, inclusive of the Second and Sixth Claims against defendant DDI, with respect to the relief sought in the Motion.

Accordingly, defendant DDI's First Affirmative Defense is without merit and has no impact on the Plaintiff's entitlement to summary judgment.

*Defendant DDI's Second Affirmative Defense*

Defendant DDI's Second Affirmative Defense consists of a bare, conclusory allegation that the, "Plaintiff's claims are barred by the statute of frauds." (DDI's Answer, p. 8, ¶ 59).

9

The statute of frauds, under New York law, section 5-701 (a) (1) of the General Obligations Law, requires an agreement to be in writing when the terms of the agreement are not performed within one year of the making of the agreement. *See Sheehy v Clifford Chance Rogers & Wells LLP*, 3 NY3d 554, 559 (2004). BofA was not required to affirmatively allege compliance with the statute of frauds in order to assert its contract claim against the defendant DDI (the breach of the Guaranties). *See Niedernhofer v Wittels*, 2018 US Dist LEXIS 128979 *8-9 (SDNY July 31, 2018, No. 17-CV-4451 (NSR)). Furthermore, the Loan Documents which are the basis of BofA's claims are in writing and attached as Exhibits "2" and "3" to the Amended Verified Complaint. (Amended Verified Complaint, Exs. "2" and "3").

Accordingly, defendant DDI's Second Affirmative Defense is without merit and has no impact on the Plaintiff's entitlement to summary judgment.

*The Defendant DDI's Third Affirmative Defense*

Defendant DDI's Third Affirmative Defense consists of the bare, conclusory allegation that the, "Plaintiff's claims are barred in whole or in part, by estoppel, laches and/or waiver." (DDI's Answer, p. 8, ¶ 60). This purported affirmative defense is clearly a boilerplate allegation, is not supported by any factual basis to make such allegation plausible and is insufficient as a matter of law. *See McConnell Dorce v City of NY*, 2022 US Dist LEXIS 188387 at *13 (SDNY Oct. 14, 2022) [internal citation omitted]. Firstly, the Third Affirmative Defense is devoid of any factual allegations that defendant DDI relied, to its detriment or otherwise, on any conduct by BofA, which renders it insufficient as an alleged estoppel defense. *See Silva v Hornell Brewing Co.,* 2020 US Dist LEXIS 247538 at *11 (EDNY Dec. 1, 2020, No. 20-CV-756 (ARR) (PK)) [internal citations omitted]. Secondly, the Third Affirmative Defense alleges no facts relating to a purported "unreasonable delay" or "prejudice" by BofA to support a laches defense. *See*

*Howard Univ. v Borders*, 588 F Supp 3d 457, 478 (SDNY 2022). Finally, the affirmative defense of waiver is generally defined as "the intentional relinquishment of a known right." *See EEOC v UPS*, 2017 US Dist LEXIS 101564 at *15. An allegation of mere waiver, such as set forth in the Third Affirmative Defense, is unduly speculative and insufficient. *See Media v Brant*, 2021 US Dist LEXIS 29755 at *14 (SDNY Feb. 12, 2021, No. 19-CV-11218 (VM) (RWL)) [internal citations omitted].

Accordingly, defendant DDI's Third Affirmative Defense is without merit and has no impact on the Plaintiff's entitlement to summary judgment.

<u>*The Defendant DDI's Fourth Affirmative Defense*</u>

Defendant DDI's Fourth Affirmative Defense is merely a reservation of rights which states, "Defendants reserve their right to amend their Answer to the [Amended Verified] Complaint, including the right to assert counterclaims against the Plaintiffs [sic]." (DDI's Answer, p. 8, ¶ 61). No such amendment has been filed by DDI. To the extent that the defendant DDI intends to amend DDI's Answer, defendant DDI will need to seek leave of court to do so under Fed. R. Civ. P. 15 and 16(a). *See Flannigan v Vulcan Capital Mgt.,* 2006 US Dist LEXIS 117772 at *15 (SDNY Aug. 23, 2006). Furthermore, any amendment of DDI's Answer at this late stage of this matter would prejudice BofA and is unlikely to be permitted by the Court in any event. *See Flannigan v Vulcan Capital Mgt.*at *15-16.

Accordingly, defendant DDI's so-called Fourth Affirmative Defense is not an Affirmative Defense at all, and has no impact on the Plaintiff's entitlement to summary judgment.

278543863v.6

**B. Response to DDI's Anticipated Defense that Reisman Was Not DDI's Duly Authorized Representative**

Although not raised in any way in DDI's Answer, Plaintiff anticipates, based upon certain discovery disputes which have occurred, that DDI will attempt to escape liability for the Loan Obligations by arguing that defendant Reisman was not duly authorized to execute the relevant Loan Documents on behalf of DDI, including but not limited to the Security Agreement and DDI's unconditional guaranty.

However, any such claim by DDI is utterly refuted by the documentary evidence and deposition testimony obtained in discovery. As such, there can be no genuine issue of material fact with respect to Reisman's status as the authorized representative of DDI in executing the relevant Loan Documents pertaining to DDI:

- On February 28, 2017, at the time of the closing of the Loan, all of the Defendants were represented by Attorney Schutzman. (Rule 56.1 Statement, p. 2, ¶ 5) and Rigney, the sole shareholder and President of DDI, was represented by Attorney Friedman (Rule 56.1 Statement, p. 2, ¶ 6).

- On February 28, 2017, Attorney Schutzman provided BofA with the Schutzman Opinion Letter (Rule 56.1 Statement, p. 3, ¶ 7), which represented that for each of the Obligors, including DDI, "authorization necessary or appropriate for the execution of and delivery of and compliance with the Loan Documents have been taken or obtained." (Rule 56.1 Statement, p. 3, ¶ 8).

- For the period from February 27, 2017 to February 28, 2017, draft and final versions of the Loan Documents, inclusive of the DDI/TAI Loan Resolution authorizing Reisman to act as DDI's "authorized signatory," were circulated among Reisman, Rigney, as DDI's

12

sole shareholder and President, Attorney Schutzman, Attorney Friedman, and BofA's closing counsel, Attorney Kim. (Rule 56.1 Statement, pp. 3-8, ¶¶ 9-28).

- On February 28, 2017, Rigney's attorney, Attorney Friedman, confirmed to BofA's closing attorney, Attorney Kim, that Attorney Friedman approved the form of the loan documents to be executed by DDI, which consisted of (i) a corporate resolution authorizing Reisman to act as the "authorized signatory" of DDI for purpose of executing a guaranty, security agreement and related documents in favor of BofA in connection with the TAI Loan, (ii) a corporate resolution authorizing Reisman, as "authorized signatory" of DDI, to execute in favor of BofA a guaranty of a separate commercial mortgage loan to defendant UTA; and (iii) a consent by DDI to a Collateral Assignment of License Agreement between defendant UIS, as assignor, in favor of BofA, as assignee, relating to a certain Turnkey License Agreement dated March 4, 2005 between defendant UIS and defendant DDI. (Rule 56.1 Statement, p. 4-5, ¶¶ 12-14).

- On February 28, 2017 by email sent at 2:01 p.m., Attorney Friedman provided copies of the revised, final loan documents received from Attorney Kim to Rigney and asked Rigney to read the email and sign those document signature pages pertaining to DDI which Attorney Kim had identified, and to then send them back to Attorney Friedman, after which he would forward them back to Attorney Kim. (Rule 56.1 Statement, pp. 5-6, ¶¶ 15-16).

- On February 28, 2017, Rigney signed six (6) signature pages (including duplicate signature pages for the 3 separate Loan Documents required to be executed by DDI and the signature page for the DDI/TAI Loan Resolution) and emailed the six (6) executed

13

signature pages back to Attorney Friedman at 2:53 p.m. (Rule 56.1 Statement, pp. 6-7, ¶¶ 19-24).

- Rigney in his February 28, 2017 2:53 p.m. email to Attorney Friedman, which attached his six (6) signature pages signed as "President" of DDI, wrote:

> "after all that I [Rigney] sign only a few times. will return docs in entirety to the attorney [BofA closing counsel, Attorney Kim]."

(Rule 56.1 Statement, p. 7, ¶ 21).

- Rigney testified at deposition that each of the six (6) signature pages attached to his February 28, 2017 2:53 p.m. email to Attorney Friedman (including the signature page to the DDI/TAI Loan Resolution) bear his signature. (Rule 56.1 Statement p 6, ¶¶ 19-20).

- On February 28, 2017 at 3:14 P.M., Attorney Friedman emailed to Attorney Kim, all six (6) signature pages which had been emailed to Attorney Freidman by Rigney earlier that day (at 2:53 p.m.), including Rigney's executed signature page for the DDI/TAI Loan Resolution. (Rule 56.1 Statement, p. 6-8, ¶¶ 19-23 and 25).

- At deposition, Rigney testified that each of the six (6) signature pages (bates-stamped 000307 through 000312) attached to Attorney Friedman's 3:14 p.m. email to Attorney Kim, including the DDI/TAI Loan Resolution, bears Rigney's signature. (Rule 56.1 Statement, p. 7, ¶ 23).

- Reisman testified at deposition that it his signature on the DDI/TAI Loan Resolution. (Rule 56.1 Statement, p. 8, ¶ 26).

- A fully executed copy of the DDI/TAI Loan Resolution (the "***Fully Executed DDI/TAI Loan Resolution***"), signed by both Rigney and Reisman, was exchanged by email between counsel to the Reisman and LLC Defendants (Allyn & Fortuna LLP) and

counsel for defendant DDI (Paykin Krieg & Adams, LLP) on August 31, 2021 (Rule 56.1 Statement, p. 8, ¶ 27).

- The August 31, 2021 email between counsel for the defendants stated, among other things, that: "As we discussed, attached please find the resolution signed by our clients. The review of the resolution was done by your client's [DDI's] prior attorney Russell Freidman." (*See* Samuels Decl., Ex. "O," pp. bates-stamped DDI-000020 through DDI-000024).

- Reisman executed the Security Agreement and Guaranties on behalf of DDI as an authorized signatory. (Rule 56.1 Statement, p. 8-11, ¶¶ 29-37).

As supported by the foregoing documentary and testimonial evidence, it is clear that Rigney, as the sole shareholder and President of DDI, duly authorized Reisman to act as the authorized signatory of DDI for purposes of providing a guaranty and pledges of collateral to secure the DDI Loan. Indeed, Rigney did so with the extensive involvement and advice of counsel (Attorney Friedman) and DDI itself was represented at the closing of the loan by the same separate counsel as the other Defendants, Attorney Schutzman. (See, Rule 56.1 Statement, p. 2, ¶¶ 5).

The DDI guaranty and security interest were part of an integrated relationship involving the businesses owned and operated by Rigney and Reisman, which included not only DDI's guaranty and collateral support for the TAI Loan which is the subject of this action, but also (i) a separate, simultaneous guaranty by DDI of a commercial mortgage loan to defendant UTA, which is not a subject of this action (See Rule 56.1 Statement, p. 4, ¶ 13, n1) and (ii) DDI's consent to a Collateral Assignment of License Agreement between defendant UIS, as assignor, in favor of BofA, as assignee, relating to a certain Turnkey License Agreement dated March 4,

2005 between defendant UIS and defendant DDI. (See Rule 56.1 Statement, p. 4, ¶ 13 and pp. 11-12, ¶¶ 40-44).

Given the business relationship between DDI, TAI and the other defendants herein and the substantial documentary and testimonial evidence which establishes that DDI and its principal, Rigney, as well as their respective counsel, were actively involved in the process of closing the TAI Loan, there can be no reasonable doubt that DDI, through Rigney, authorized Reisman to act as DDI's authorized signatory. Any denial by DDI or Rigney of such authorization is refuted by the evidence and cannot serve to raise a genuine issue of material fact. Accordingly, summary judgment is appropriate.

## CONCLUSION

For all of the reasons set forth above, BofA respectfully requests that this Court grant the Motion in its entirety and enter an Order:

(a)     pursuant to Fed. R. Civ. P. 56, granting summary judgment in favor of BofA on the First Claim in its Amended Verified Complaint as against defendant TAI;

(b)     pursuant to Fed. R. Civ. P. 56, granting summary judgment in favor of BofA on the Second Claim in its Amended Verified Complaint as against all of the Defendants;

(c)     pursuant to Fed. R. Civ. P. 56, granting summary judgment in favor of BofA on the Sixth Claim in its Amended Verified Complaint as against defendants UTA, UIS, Reisman, and DDI;

(d)     striking the Reisman and LLC Defendants' Answer and DDI's Answer, including their respective affirmative defenses; and

278543863v.6

(e)     awarding to BofA such other and further relief this Court may deem just,

proper, and equitable.

Dated:  New York, New York
        December 30, 2022

                                        Respectfully submitted,

                                        WILSON, ELSER, MOSKOWITZ, EDELMAN &
                                        DICKER LLP

                                        By: /s/Michael Adam Samuels
                                        Michael Adam Samuels
                                        Daniel F. Flores
                                        150 E. 42nd Street
                                        New York, NY  10017
                                        Telephone: (212) 490-3000
                                        Direct:     (212) 915-5735
                                        Facsimile:  (212) 490-3038
                                        Email: michael.samuels@wilsonelser.com
                                        *Attorneys for Plaintiff Bank of America, N.A.*

278543863v.6