UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BANK OF AMERICA, N.A.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**THIRD AVENUE IMAGING LLC**, a New York limited liability company, **UNIQUE THIRD AVE LLC**, a New York limited liability company, **UNIQUE IMAGING SERVICES LLC**, a New York limited liability company, **DISTINGUISHED DIAGNOSTIC IMAGING, P.C.,** a New York professional corporation, **and JOEL REISMAN,** an individual**,**<br><br>*Defendants.* | Case No. 21-cv-5201 |

**DEFENDANT DISTINGUISHED DIAGNOSTIC IMAGING, P.C.'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

PAYKIN, KRIEG & ADAMS, LLP
2500 Westchester Avenue, Suite 107
Purchase, New York 10577
Tel.: (212) 725-4423
*Attorneys for Distinguished Diagnostic Imaging, P.C.*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................ii

FACTS ..................................................................................................................................... 1

ARGUMENT............................................................................................................................ 4

    SUMMARY JUDGMENT STANDARDS ........................................................................ 5

    A MATERIAL ISSUE OF FACT EXISTS AS TO WHETHER OR NOT DDI EXECUTED THE GUARANTY ...................................................................................... 5

CONCLUSION ........................................................................................................................ 9

# TABLE OF AUTHORITIES

**CASES**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) .................................................................. 6

*Andrew Carothers, M.D., P.C. v. Progressive Ins. Co.,* 128 N.Y.3d 153 (N.Y. 2019) .... 4, 7, 8, 10

*Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29 (2d Cir. 1994) ............................................... 6

*Goenaga v. March of Dimes Defects Found.*, 51 F.3d 14 (2d Cir. 1995) ...................................... 6

*Gummo v. Village of Depew, N.Y.*, 75 F.3d 98 (2d Cir. 1996) ...................................................... 6

*One Beacon Ins. Group, LLC v. Midland Medical Care, P.C.*, 54 A.D.3d 738 (2d Dep't 2008) . 7, 8, 10

**STATUTES**

BCL §1508 ................................................................................................................................ 6, 7, 8

# FACTS

Dr. John Rigney ("Dr. Rigney") is the sole shareholder, officer and director of defendant Distinguished Diagnostic Imaging, P.C. ("DDI") (see, ¶1 of the accompanying affidavit of Dr. John Rigney sworn to on January 18, 2023 and submitted in opposition to plaintiff's motion for summary judgment ("Rigney Affidavit"). Neither DDI nor Dr. Rigney has or ever had any equity interest in Third Avenue Imaging LLC ("TAI"), Unique Third Ave LLC ("UTA"), Unique Imaging Services LLC ("UIS" collectively referred to with TAI and UTA as the "Reisman Entities") (see, Rigney Affidavit ¶4). Mr. Joel Reisman ("Mr. Reisman") controls each of the Reisman Entities (see, Rigney Affidavit ¶5). Dr. Rigney is not related to Mr. Reisman, (see, Rigney Affidavit ¶4). Dr Rigney is not on the board of directors and does not have any equity interest in the Reisman Entities (see, Rigney Affidavit ¶5).

According to plaintiff Bank of America, N.A. ("BofA"), on or about February 28, 2017 plaintiff entered into a loan agreement with TAI and loaned TAI the sum of five million two hundred forty thousand ($5,240,000.00) dollars (the "Loan") (see, ¶3 of the affidavit of Matthew J. Hyland, sworn to on December 22, 2022 ("Hyland Affidavit") submitted in support of plaintiff's motion for summary judgment ([Doc. 77](Doc. 77))). Plaintiff further alleges that the UTA, UIS, Reisman and DDI guaranteed the Loan (see, Hyland Affidavit ¶6 ([Doc. 77](Doc. 77))). However, the guaranty of DDI ("Purported DDI Guaranty") relied upon by plaintiff was executed by Mr. Reisman as the purported authorized signatory of DDI (see, Continuing and Unconditional, a copy of which is annexed as part of Exhibit 3 to the Verified Complaint which is annexed to the Declaration of Michal Samuels dated December 30, 2022 ("Samuels Declaration") as **Exhibit A** (pg. 57- 67) and submitted in support of plaintiff's motion ([Doc. 76-1](Doc. 76-1)). Dr. Rigney expressly denies that Mr. Reisman was an officer, director, or authorized signatory of DDI (see, Rigney Affidavit ¶¶3, 10,

1

11). Apparently prior to the closing, the plaintiff recognized that Mr. Reisman, who was not a medical doctor (see Rigney Affidavit ¶3), could not be an officer, shareholder or director of a medical professional corporation, and sought to have Dr. Rigney execute corporate resolutions authorizing Mr. Reisman to act as an authorized signatory of DDI for the purpose of executing the Purported DDI Guaranty (see, **Exhibits K-3** through **K-6** of the Samuels Declaration containing email exchanges (Docs. 76-14; 76-15; 76-16; and 76-17). Indeed, Elle Kim, Esq.("Kim"), the plaintiff's closing attorney for the Loan, engaged in email communications with Russell Friedman, Esq. ("Friedman") who was counsel for Dr. Rigney (see, Rigney Affidavit ¶8) regarding the proposed corporate resolutions (see, **Exhibits K-3** through **K-6** of the Samuels Declaration (Docs. 76-14; 76-15; 76-16; and 76-17). Indeed, there were numerous emails between Kim and Friedman on the closing date, which culminated in an email from Russell Friedman, Esq. stating that Dr. Rigney would execute the documents and fax them to the closing and federal express the originals to the plaintiff (see, **Exhibit K-3** of the Samuels Declaration (Doc. 76-14)). Apparently, that never happened as the plaintiff admittedly did not possess copies of any corporate resolution executed by Dr. Rigney in its files (see, Hyland Affidavit ¶¶10-13 (Doc. 77)). This corroborates the position of Dr. Rigney who insists that he never authorized Mr. Reisman to execute a guaranty of the loan to plaintiff on behalf of DDI (see, Rigney Affidavit ¶10).

The plaintiff further relies on the opinion letter of Stanley A. Shutzman, Esq. ("Shutzman") to confirm that the Purported DDI Guaranty is enforceable ("Shutzman Opinion Letter", a copy of which is annexed Hyland Affidavit as **Exhibit A** (Doc. 77-1)). However, the Shutzman Opinion Letter is devoid of two critical elements. First, Shutzman did not represent DDI (see, Rigney Affidavit ¶9). Indeed, when questioned at his deposition, Shutzman testified that he never spoke with Dr. Rigney, and he did not have an executed retainer letter with DDI (see, pg. 56 lines 19

through 25 of the transcript of Stutzman's April 14, 2022 deposition annexed to the Samuels Declaration as **Exhibit J** (Doc. 76-11)). Second, the Shutzman Opinion Letter notably does not opine on the resolutions and merely cites that the DDI Guaranty signed by Joel Reisman was properly executed and enforceable[1] (see, Shutzman Opinion Letter (Doc. 77-1)).

The plaintiff ultimately claims to have received the resolutions executed by Dr. Rigney ("Alleged DDI Resolutions", a copy of which is annexed as part of **Exhibit M** to the Samuels Declaration (Doc. 76-22)) in discovery (see Hyland Affidavit, n.2 (Doc. 77). However, a review of the Alleged DDI Resolutions reveals that the signature page allegedly executed by Dr. Rigney does not align with the prior page or the signature page executed by Joel Reisman. To wit:

a. page one of the Alleged DDI Resolutions concludes with "… and the requisite number of such directors voted in favor of said resolutions, or by the" (see, **Exhibit M** pg. 26 (Doc. 76-22); see also pg. 23 of the unredacted documents annexed as **Exhibit O** to the Samuels Declaration (Doc. 76-24); and pg. 4 of documents produced pursuant to the subpoena to The Russell Friedman Law Group annexed as **Exhibit K-9** to the Samuels Declaration (Doc. 76-20).

b. page two of the Alleged DDI Resolutions as signed by Joel Reisman commences with "unanimous consent in writing of all members of the Board of Directors of the Corporation to the adoption of said resolutions." (see, **Exhibit M** pg. 27 (Doc. 76-22); see also **Exhibit O** pg. 24 (Doc. 76-24); and **Exhibit K-9** pg. 5 (Doc. 76-20); and

c. page two of the Alleged DDI Resolutions executed by Dr. Rigney starts with "Corporation was present and the requisite number of such directors voted in favor of

---

[1] It is black letter law that non-medical personnel may not have any ownership interest, officership or directorship of a medical professional corporation. *Andrew Carothers, M.D., P.C. v. Progressive Ins. Co.*, 128 N.E.3d 153, 162 (N.Y. 2019).

said resolutions, or by the unanimous consent in writing of all members of the Board of Directors of the Corporation to the adoption of such resolutions (see, **Exhibit M** pg. 28 (Doc. 76-22); **Exhibit O**, pg. 25 (Doc. 76-24); **Exhibit K-9** pg. 6 (Doc. 76-20); see also pg. 11-14 of documents produced pursuant to the subpoena to The Russell Friedman Law Group annexed as annexed as **Exhibit K-7** to the Samuels Declaration (Doc. 76-18); and pg. 5-8 of documents produced pursuant to the subpoena to The Russell Friedman Law Group annexed as annexed as **Exhibit K-8** to the Samuels Declaration (Doc. 76-19).

Thus, the signature page executed by Mr. Reisman clearly follows the prior page, whereas the signature page of Dr. Rigney does not. Tellingly, as set forth above none of the signature pages executed by Dr. Rigney and proffered by plaintiff (including those procured by subpoena to The Friedman Law Group) differ from each other. In other words, they all commence with the words; "Corporation was present, and the requisite number of such directors voted in favor of said resolutions, or by the unanimous consent in writing of all members of the Board of Directors of the Corporation to the adoption of such resolutions." and those words do not logically follow the prior page.

The parties have completed discovery and plaintiff has moved for summary judgment. Defendant DDI hereby opposes plaintiff's motion for summary judgment as to DDI.

## ARGUMENT

Defendant DDI has raised a material issue of fact as to whether or not Dr. Rigney ever signed the Alleged DDI Resolutions. Bereft of such resolutions the Purported DDI Guaranty has no force and effect. Moreover, even assuming arguendo that the Alleged DDI Resolutions were properly executed, an issue of law exists as to whether or not the Purported DDI Guaranty is

effective since BCL 1508 precludes a non-professional from: (i) being an officer or director of a professional corporation; or (ii) controlling a professional corporation.

## SUMMARY JUDGMENT STANDARDS

Plaintiff has failed to meet its burden showing that no material issue of fact exists warranting a trial. *Gummo v. Village of Depew, N.Y.*, 75 F.3d 98, 107 (2d Cir. 1996) citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the record contains evidence supporting a reasonable inference in favor of defendant, then plaintiff's motion for summary judgment should be denied. *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29 (2d Cir. 1994). All factual inferences and all ambiguities should be construed to the benefit of defendant. *Goenaga v. March of Dimes Defects Found.*, 51 F.3d 14, 18-19 (2d Cir. 1995). As set forth more fully below, plaintiff has failed to meet its burden.

**I.  A MATERIAL ISSUE OF FACT EXISTS AS TO WHETHER OR NOT DDI EXECUTED THE GUARANTY**

It is uncontroverted that in seeking summary judgment against DDI the plaintiff relies upon a guaranty executed by Joel Reisman who was not an officer, director or shareholder of DDI. Applicable law requires that professional corporations "be owned and controlled only by professionals". *Andrew Carothers, M.D., P.C. v. Progressive Ins. Co.,* 128 N.Y.3d 153, 162 (N.Y. 2019); *One Beacon Ins. Group, LLC v. Midland Medical Care, P.C.*, 54 A.D.3d 738, 740 (2d Dep't 2008). In this regard, BCL 1508 expressly precluded Mr. Reisman from being either an officer or director of DDI because he is not and was not a medical doctor. More specifically, BCL 1508 provides in pertinent part:

> (a) No individual may be a director or officer of a professional service corporation unless he is authorized bylaw to practice in this state a profession which such corporation is authorized to practice and is either a shareholder of such corporation or engaged in the practice of his profession in such corporation.

Apparently, the plaintiff recognized such deficiency in the Purported DDI Guaranty and crafted resolutions seeking to validate DDI's Guaranty. However, as set forth more fully below, a clear issue of fact exists concerning whether or not Dr. Rigney ever executed the Alleged DDI Resolutions.

By way of initial matter, Dr. Rigney denies executing the Alleged DDI Resolutions (see, Rigney Affidavit ¶11.) In addition, plaintiff admittedly did not have a fully executed copy of the DDI Resolutions in its closing file. More specifically, Matthew J. Hyland stated in his affidavit in support of plaintiff's motion for summary judgment the plaintiff did not have a copy of the resolution executed by Dr. Rigney (see, Hyland Affidavit ¶¶10-13 (Doc. 77)).

Plaintiff's efforts to remedy this defect by relying on the Shutzman Opinion Letter constitutes an exercise in futility for a variety of reasons. Shutzman's statement that he represented DDI is belied by his own testimony wherein he admits that he had no retainer agreement with DDI and he never spoke with Dr. Rigney (see, **Exhibit J** pg. 56 lines 19 through 25 (Doc. 76-11)). Shutzman's statement that he represented DDI is belied by the fact that plaintiff was aware that Friedman was DDI's counsel. Indeed, plaintiff's counsel Kim admittedly was in regular communication with Friedman (see, emails annexed as **Exhibit K-4** to the Samuels Declaration (Doc. 76-15). Further, Dr. Rigney denies that Shutzman represented DDI (see, Rigney Affidavit ¶9).

Moreover, the Shutzman Opinion Letter fails to even mention the Alleged DDI Resolutions and merely states that the Purported DDI Guaranty executed by Joel Reisman was properly executed and enforceable (see, **Exhibit A** (Doc. 77-1)). Such opinion is clearly erroneous and in contravention of BCL 1508 as a non-professional cannot control a professional corporation in New York. *Andrew Carothers, M.D., P.C.* at 162; *One Beacon Ins. Group, LLC* at 740. Fourth, Rigney

6

denies ever speaking or otherwise communicating with Shutzman much less retaining him to represent DDI (see, Rigney Affidavit ¶9 of the). Thus, the Shutzman Opinion Letter is probative of nothing.

Perhaps most importantly, plaintiff cannot and has not produced a fully executed copy of the Alleged DDI Resolutions. Indeed, a review of the Alleged DDI Resolutions reveals that the signature page executed by Dr. Rigney does not align with the prior page or the signature page executed by Joel Reisman. To wit: page one of the Alleged DDI Resolutions which contains no signatures concludes with the following words "… and the requisite number of such directors voted in favor of said resolutions, or by the" (see, **Exhibit M** pg. 26 (Doc. 76-22); **Exhibit O** pg. 23 (Doc. 76-24); **Exhibit K-9** pg. 4 (Doc. 76-20). Page two of the Alleged DDI Resolutions as executed by Joel Reisman commences with the continuation of the sentence from page 1. To wit: "unanimous consent in writing of all members of the Board of Directors of the Corporation to the adoption of said resolutions" (see, **Exhibit M** pg. 27 (Doc. 76-22); see also **Exhibit O** pg. 24 (Doc. 76-24); and **Exhibit K-9** pg. 5 (Doc. 76-20). For clarification purposes, page 2 of the Alleged DDI Resolutions containing Dr. Rigney's signature does not contain a logical continuation of page 1. More specifically, page 2 of the DDI Resolutions alleged to be executed by Dr. Rigney starts with "Corporation was present and the requisite number of such directors voted in favor of said resolutions, or by the unanimous consent in writing of all members of the Board of Directors of the Corporation to the adoption of such resolutions (see, **Exhibit M** pg. 28 (Doc. 76-22); **Exhibit O**, pg. 25 (Doc. 76-24); **Exhibit K-9** pg. 6 (Doc. 76-20)). Clearly such language does not logically follow the phrase "and the requisite number of such directors voted in favor of said resolutions, or by the …". Tellingly, none of the other signature pages annexed to plaintiff's moving papers contain the logical continuation of page 1 of the Alleged DDI Resolutions and in fact all commence

with the same language as set forth above. It should be noted that the Alleged DDI Resolutions were provided to Dr. Rigney in PDF format, and therefore the lack of alignment of the signature pages clearly proves that the signature pages signed by Dr. Rigney were not the same signature page executed by Reisman. Indeed, the simple fact that such signature pages were produced by the office of Russel Friedman is probative of nothing. First, the pages executed by Dr. Rigney were not accompanied by a first page. Second, there is no certainty that these documents were provided for the closing at issue as, on the same date plaintiff closed another loan transaction with Reisman and the Reisman Entities (see Hyland Affidavit, n.1 ([Doc. 77](Doc. 77))).

In conclusion, Dr. Rigney, the only person submitting an affidavit in respect to plaintiff's motion for summary judgment with firsthand knowledge of the Alleged DDI Resolutions denies that he authorized Reisman to execute the Purported DDI Guaranty, denies that he executed the Alleged DDI Resolutions and denies that DDI ever intended to guaranty the loan at issue herein (see Rigney Affidavit ¶¶10-11). The logic of Dr. Rigney's position is clear as DDI had no equity interest in the proceeds of the Loan or the equipment secured with such monies. Bereft of the Alleged DDI Resolutions the Purported DDI Guaranty is clearly unenforceable. Moreover, even assuming arguendo the Alleged DDI Resolutions were properly executed, Reisman could not legally have the authority to execute the Purported DDI Guaranty on behalf of a professional corporation as a non-professional. More specifically, black letter law provides that a non-professional: (i) cannot be an officer, shareholder, or director of a professional corporation; and (ii) cannot control a professional corporation. *Andrew Carothers, M.D., P.C.* at 162; *One Beacon Ins. Group, LLC* at 740

As a result, there is a clear issue of fact regarding the validity of the Purported DDI Guaranty mandating the plaintiff's motion for summary judgment be denied.

**CONCLUSION**

As a result of the foregoing, defendant Distinguished Diagnostic Imaging, P.C. respectfully requests that the Court deny plaintiff Bank of America, N.A.'s motion for summary judgment as to Distinguished Diagnostic Imaging, and for such other further and different relief as the Court deems just and proper.

Dated: Purchase, New York
       January 20, 2023

PAYKIN, KRIEG & ADAMS, LLP

*Joseph N. Paykin*
Joseph N. Paykin
2500 Westchester Avenue, Suite 107
Purchase, New York 10577
Tel.: (212) 725-4423
Email: jpaykin@pka-law.com
*Attorneys for Distinguished
Diagnostic Imaging, P.C.*