UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
BANK OF AMERICA, N.A.,
                Plaintiff,

v.

THIRD AVENUE IMAGING LLC, UNIQUE
THIRD AVE LLC, UNIQUE IMAGING
SERVICES LLC, DISTINGUISHED
DIAGNOSTIC IMAGING, P.C., and JOEL
REISMAN,
                Defendants.
--------------------------------------------------------------x

**ORDER**

21 CV 5201 (VB)

       Before the Court is the request by defendants Third Avenue Imaging LLC, Unique Third Ave LLC, Unique Imaging Services LLC, and Joel Reisman (the "Reisman Defendants"), as well as by Distinguished Diagnostic Imaging, P.C. ("DDI"), that the Court reduce plaintiff's contractual claim for payment of reasonable attorneys' fees and costs. (See Docs. ##119, 122, 128, 129). All parties agree that the Court should determine the amount of attorneys' fees and costs in this case.[1]

       Also before the Court is the joint application of the Reisman Defendants and DDI that the Court sever DDI's cross-claim for indemnification against the Reisman Defendants from the remaining claims in this case, and, because the Court lacks subject matter jurisdiction over the severed cross-claim, dismiss the cross-claim without prejudice to re-filing in state court. (Doc. #138).

       For the following reasons, the Court determines attorneys' fees and costs in the amount of $323,473.80 represents a reasonable fee.

       In addition, DDI's cross-claim is severed and dismissed without prejudice to re-filing in state court.

       The parties' familiarity with the factual and procedural history of this case is presumed.

The Loan and Guaranty Agreements

       Section 9.8(a) of the Loan Agreement between plaintiff and defendant Third Avenue Imaging LLC, dated February 28, 2017 (Doc. #1-1 (the "Loan Agreement")), provides:

---

[1] The Court has the authority to make this determination. See McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1314 (2d Cir. 1993) ("[W]hen a contract provides for an award of attorneys' fees, the jury is to decide at trial whether a party may recover such fees . . . then the judge is to determine a reasonable amount of fees."); see also Midamines Sprl Ltd. v. KBC Bank NV, 2016 1071028, at *3 (S.D.N.Y. Mar. 16, 2016) ("No evidentiary hearing is required . . . for the sole determination of the reasonableness of the fees sought."), aff'd 719 F. App'x 41 (2d Cir. 2017).

> The Borrower shall pay to the Bank immediately upon demand the full amount of all payments, advances, charges, costs and expenses, including reasonable attorneys' fees, expended or incurred by the Bank in connection with . . . the Bank's continued administration of this Agreement and such related agreements.

Section 9.8(b) of the Loan Agreement further provides:

> The Borrower will indemnify and hold the Bank harmless from any loss, liability, damages, judgments, and costs of any kind relating to or arising directly or indirectly out of (i) this Agreement or any document required hereunder, . . . and (iii) any litigation or proceeding related to or arising out of this Agreement, [or] any such document.

Section 1 of each of the Continuing and Unconditional Guaranty agreements, dated February 28, 2017[2] (Doc. # 1-3 (the "Guaranty Agreements")), signed by defendant Joel Reisman on behalf of himself and defendants Unique Third Ave LLC, Unique Imaging Services LLC, and Distinguished Diagnostic Imaging, P.C., provides:

> [The Guarantor] hereby unconditionally guarantees and promises to pay promptly to [the Bank] . . . any and all Indebtedness of [the Borrower] to Bank when due . . . . The liability of Guarantor under this Guaranty is not limited as to the principal amount of the Indebtedness guaranteed and includes, without limitation . . . other costs and expenses relating to or arising out of the Indebtedness . . . . If multiple individuals or entities sign this Guaranty, their obligations under this Guaranty shall be joint and several. "Indebtedness" shall mean and includes any and all advances, debts, obligations and liabilities of Borrower, or any of them, previously, now or later made, incurred or created, whether voluntary or involuntary and however arising, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined.

Section 2 of each Guaranty Agreement provides that the obligations under each such agreement "are independent of the obligations of Borrower or any other guarantor, and a separate action or actions may be brought and prosecuted against Guarantor whether action is brought against Borrower or any other guarantor or whether Borrower or any other guarantor be joined in any such action."

Requested Fees and Costs

Plaintiff seeks payment for attorneys' fees and costs in the amount of $337,874.55, to be borne jointly and severally by defendants pursuant to the Loan Agreement and the Guaranty Agreements. According to plaintiff, this total amount already reflects application of a 5% discount "and other reductions." (Doc. #114 at 2, 3).

The requested fees reflect the following hourly billing rates (see Doc. #113 ¶ 6):

---

[2] The Court notes that the Guaranty Agreements with Unique Third Ave LLC and Unique Imaging Services LLC are undated. (See Doc. #1-3 at ECF 10, 32). However, the Court understands that all Guaranty Agreements were executed on February 28, 2017.

2

| Attorney | Blended Hourly Rate | Date |
|---|---|---|
| Daniel F. Flores, Partner | $320 | 11/1/2019 – 3/31/2021 |
|  | $332 | 4/1/2021 – 2/2023 |
|  | $350 | 3/2023 – present |
| Michael A. Samuels, Senior Counsel (previously of counsel) | $320 | 11/1/2019 – 3/31/2021 |
|  | $332 | 4/1/2021 – 2/2023 |
|  | $350 | 3/2023 – present |
| Timothy R. Wheeler, Partner (previously of counsel) | $332 | 4/1/2021 – 2/2023 |
|  | $350 | 3/2023 – present |

The Court incorporates by reference the summary of work performed by plaintiff's counsel set forth in paragraph 7 of the Declaration of Daniel F. Flores in Support of Entry of Judgment. (Doc. #113).

Reasonable Fee

All defendants argue the fee amount sought by plaintiff is unreasonable. The Reisman Defendants contend $100,000 is a reasonable fee (see Doc. #128), and DDI contends $238,000 is a reasonable fee (see Doc. #129).

This Court has independently reviewed the rates charged and hours billed by plaintiff's counsel and concludes that, except with respect to hours expended between June and November 2023, the rates charged and hours billed are reasonable considering counsel's experience and professionalism, as well as the complexity and procedural history of this case, with which the Court is intimately familiar.

Plaintiff's counsel requests $96,005 in fees for the period June through November 2023. (See Doc. #113-3 at ECF 2). During this time, counsel was primarily preparing for a bench trial before the undersigned to determine whether Reisman was authorized to execute the Guaranty Agreement on behalf of DDI. The bench trial was scheduled to commence on November 27, 2023, but was ultimately cancelled when plaintiff and DDI reached a settlement on the claims to be tried. (See Docs. ##107–109).

The Court agrees with defendants that the hours expended by plaintiff's counsel during this period were not reasonable. Counsel should not have needed to spend significant time preparing trial exhibits or formulating their arguments because the issue to be tried and relevant documentary evidence had already been prepared, and presented to the Court, through plaintiff's motion for partial summary judgment. And because this Court decided that motion in June 2023, plaintiff's counsel did not need to spend significant time preparing to familiarize the finder of fact with the issue, factual background, and applicable law (as would be the case in a jury trial or a bench trial before a different jurist).

However, a review of the detailed billing records submitted by plaintiff's counsel for this period does not suggest counsel engaged in excessive overbilling or gratuitous trial preparation. Counsel did not block bill or engage in any other concerning billing practices. Moreover, the Court acknowledges plaintiff's counsel has already reduced the total fees requested by 5%, and has necessarily incurred additional fees since November 2023 for which plaintiff does not appear

3

to seek reimbursement (notwithstanding its entitlement to do so under the Loan Agreement and Guaranty Agreements).

Accordingly, the Court determines to modestly reduce the fees for the June through November 2023 time period by 15%.  **Plaintiff's contractual claim for reasonable attorneys' fees and costs thus should be reduced by $14,400.75, resulting in a total amount of $323,473.80.**

The Reisman Defendants argue the amount sought is excessive because the Reisman Defendants admitted their default early in the litigation and did not oppose plaintiff's motion for summary judgment.  (See, e.g., Doc. #115 at 2, Doc. #119 at 3).  Thus, according to the Reisman Defendants, this is "a simple action for nonpayment of a bank loan where extensive discovery regarding the Defendants' nonpayment was unnecessary."  (Doc. #115 at 2).

The Reisman Defendants mischaracterize the trajectory of this case.  They did admit default early.  And perhaps little discovery was needed respecting their default.  However, to date, the Reisman Defendants have not paid the amount they owe under the defaulted loan, and plaintiff, as the lender, is entitled to fully prosecute all guarantors and the borrower for the amounts due.  Moreover, it was Joel Reisman's conduct in signing the Guaranty Agreement on behalf of DDI that motivated the lion's share of the litigation at all phases of this civil action.  Indeed, in their January 22, 2024, letter, the Reisman Defendants contend that "[d]iscovery should have been limited to verifying Defendants' signatures on the loan documents."  (Doc. #128 at 1).  From this Court's perspective, it was.

Accordingly, the Court determines that defendants are jointly and severally liable for plaintiff's reasonable attorneys' fees and costs in the amount of $323,473.80.

The Court will revise, so-order, and separately docket the proposed final judgment submitted by plaintiff's counsel.  (See Doc. #126).

DDI's Cross-Claim

By letter dated March 7, 2024 (Doc. #138), the Reisman Defendants and DDI jointly request that DDI's cross-claim for indemnification against the Reisman Defendants, as pleaded in DDI's amended answer (Doc. #65 ¶¶ 62–74), be severed from plaintiff's claims against all defendants as asserted in the amended complaint (Doc. #63), and, because the Court lacks subject matter jurisdiction over the severed cross-claim, that the cross-claim be dismissed without prejudice to re-filing in state court.

That joint application is GRANTED.

## CONCLUSION

Defendants are jointly and severally liable for plaintiff's reasonable attorneys' fees and costs in the amount of $323,473.80.

DDI's cross-claim against the Reisman Defendants is severed from the remaining claims in this case, and the cross-claim is dismissed without prejudice to re-filing in state court.

Dated: March 8, 2024
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge